Nathan Andrew **KNIATT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–03–00199–CR.

Court of Appeals of Texas, Waco.

Jan. 5, 2005.

Richard S. Gladden, Law Office of Richard S. Gladden, Denton, for appellant.

Joe F. Grubbs, Ellis County Dist. Atty., Waxahachie, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Nathan Kniatt was charged with possession of methamphetamine. On December 11, 2001, he entered a plea of guilty. In accordance with a plea bargain agreement, the trial court deferred adjudication of guilt, placed Kniatt on community supervision for three years, and assessed a fine of $3,000. On February 27, 2003, the State filed a motion to revoke Kniatt's community supervision and to proceed with adjudication of guilt. On April 3, 2003, Kniatt filed an application for a writ of habeas corpus and a motion to recuse the trial judge. After a hearing before a different judge, sitting by assignment, the motion to recuse was denied. The trial court heard the State's motion to revoke on June 4, 2003, and adjudicated Kniatt guilty. On June 13, 2003, the trial court heard testimony on Kniatt's application for writ of habeas corpus, and denied the writ by order on June 19, 2003. Kniatt appeals from this determination.

### Jurisdiction

▮ Kniatt alleged in the application for writ of habeas corpus that his 2001 plea to the charge was not voluntary. Kniatt filed his application while the motion to revoke community supervision was still pending. Kniatt's habeas application concerns a pre-adjudication application for relief pursuant to Article 11.08 of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 11.08 (Vernon 1977). Under article 11.08, a criminal defendant who has been indicted, but not yet convicted, may file an application for writ of habeas corpus that is returnable to the court in which the defendant stands indicted. *Id.* Nothing prevents a probationer from filing an article 11.08 or 11.09 writ application after the State has filed a motion to revoke, and nothing prevents the trial court from considering the application

along with the State's motion to revoke probation. *Jordan v. State,* 54 S.W.3d 783, 786 (Tex.Crim.App.2001). Because probation is not considered to be a final conviction, an application for writ of habeas corpus filed during the pendency of revocation proceedings is returnable to the trial court and reviewable by a court of appeals. *Nix v. State,* 65 S.W.3d 664, 669 (Tex.Crim.App.2001). The court of return distinguishes the pre-conviction writ from the post-conviction writ, the latter being made returnable to the Texas Court of Criminal Appeals after review by the trial court. Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.2004); *Ex parte Gray,* 126 S.W.3d 565, n. 3 (Tex.App.-Texarkana 2003). Kniatt's application was made while he was still on community supervision pursuant to a deferral order. The application was therefore a pre-conviction writ, regardless of the fact that the trial court proceeded to adjudicate before hearing and denying Kniatt's application. Thus, we have jurisdiction to consider Kniatt's appeal from the denial of the writ.[1]

## Involuntary Plea

Kniatt argues that the trial court erred in denying his application for writ of habeas corpus on the grounds that his plea on December 11, 2001, was not voluntarily given.

The burden of persuasion in a writ of habeas corpus is on the applicant to prove his allegations by a preponderance of the evidence. *Ex parte Lafon,* 977 S.W.2d 865, 867 (Tex.App.-Dallas 1998, no pet.). We review the evidence presented in the light most favorable to the trial court's ruling and accord great deference to the trial court's findings and conclu-

sions. *Id.* We will accept the trial court's decision whether to grant the requested relief absent an abuse of discretion. *Id.; Ex parte Ayers,* 921 S.W.2d 438, 440 (Tex. App.-Houston [1st Dist.] 1996, no pet.).

When a defendant attests at his original plea hearing to the voluntary nature of his plea, there is a heavy burden on him at a later hearing to show a lack of voluntariness. *Coronado v. State,* 25 S.W.3d 806, 809 (Tex.App.-Waco 2000, pet. ref'd). To determine the voluntariness of a plea, we examine the record as a whole. *Id.*

Kniatt contends that the statements and actions of his former counsel, the assistant district attorney, and the trial court operated to render his plea involuntary. In June 2001, while Kniatt was in jail on the methamphetamine charge, his father hired attorney Ted Redington to represent Kniatt. In November of 2001, Redington met with Kniatt and discussed the felony charge and a plea bargain offered by the State for three years deferred adjudication and a $1,500 fine. There is some dispute as to whether Kniatt agreed to accept that plea bargain. On December 7, 2001, Kniatt's father accompanied him to his pretrial appearance. Before the appearance, Redington, Kniatt, and his father met and discussed the plea agreement. Kniatt's father called the agreement "ridiculous" and told Redington that they had decided to go to trial and seek a new attorney.

When the trial judge called the case, Redington and the prosecutor approached the bench to inform the judge that they had thought they had an agreement but did not. Redington informed the judge that Kniatt wanted to fire him and hire

---

1. Relying on *Saucedo v. State,* the State suggests we lack jurisdiction over this appeal. *Saucedo v. State,* 795 S.W.2d 8 (Tex.App.- Houston [14th Dist.] 1990, no pet.). We disagree.

another lawyer. From the bench, the trial judge said:

As I understand from the attorneys they thought they had a plea agreement. In fact they had a plea agreement, and today the defendant has reneged on that, doesn't want the agreement. I've also been informed he wants to fire the lawyer. All that's okay with me. I'll take all this up. Defendant's bond is revoked. He's going to jail pending trial. Have a seat over there, sir. We'll set your trial when we get around to it.

Kniatt contends that the trial court's action in revoking his bond and ordering him held without bond pending trial constituted an unconstitutional punishment in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Due process requires that a pretrial detainee not be punished. *Schall v. Martin,* 467 U.S. 253, 269, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984). Kniatt argues that the trial court's action was intended to coerce him to plead guilty and punish him for exercising his right to trial by jury.

In its finding of fact on the habeas application, the trial court acknowledged that it "sanctioned" Kniatt by revoking his bond and remanding him to jail in response to his decision to renege on the plea bargain and replace his counsel. A trial court has great latitude and discretion in fixing the amount of a bond. *See* TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.2004–05). However, this discretion is more limited with respect to revoking a bond. *See id.* art. 17.40 (Vernon Supp.2004–05) (requiring that a magistrate find by a preponderance of the evidence that the defendant violated a condition of the bond imposed before the bond may be revoked); *see also Lee v. State,* 39 S.W.3d 373, 376 (Tex.App.-Houston [1st Dist.] 2001, no pet.). The record does not reveal any history of the defendant's failing to appear in court as directed. The power of the trial court to set bail is not to be used to oppress or punish. TEX.CODE CRIM. PROC. ANN. art. 17.15; *Ex parte Vance,* 608 S.W.2d 681, 683 (Tex.Crim.App.1980).

The record supports Kniatt's contention that the trial court improperly revoked his bond. However, Kniatt must also show that the trial court's action pressured him to plead guilty. Our review of the record persuades us that a person in Kniatt's position would have reasonably believed that his incarceration was the result of his decision not to plead guilty. At the hearing on Kniatt's motion to recuse, Redington testified that he had told Kniatt that if he did not plead guilty the judge was likely to send him to jail to await a trial date. Kniatt testified that he subjectively felt pressured to change his plea and enter a plea of guilty. He testified that the reason he changed his mind between December 7 and December 11 was because he did not want to "sit in jail without a bond for who knows how long." At the time Kniatt entered his plea, he had been in jail for four days and did not know when his case would be set for trial.

The State argues that Kniatt did not file a writ of habeas corpus claiming the plea was involuntary until the State filed its motion to revoke. The State also points out that Kniatt was properly admonished at the time he entered his plea and affirmed that his plea was free and voluntary. Kniatt was not specifically asked at the time if his plea was coerced.

We find that Kniatt has met his burden of showing by a preponderance of the evidence that his guilty plea was involuntarily given. We find that the trial court erred in denying Kniatt's application for writ of habeas corpus. Accordingly, we sustain this issue. Having sustained this issue, we need not address Kniatt's additional issue

arguing that the trial court erred in denying his motion to recuse the trial judge from considering the motion to adjudicate and the habeas application.

## CONCLUSION

We reverse the trial court's denial of Kniatt's application for a writ of habeas corpus and remand to the trial court to grant Kniatt relief consistent with this opinion. We order the trial court to set aside the judgment adjudicating guilt and proceed with a new trial.[2]

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Any way you approach it, this is now a collateral attack on a conviction rendered pursuant to a plea bargain. Kniatt cannot appeal the plea, so the Court is coming through the back-door to allow what cannot come in through the front-door.

Yes, because the trial court determined the merits of Kniatt's application, we had jurisdiction to review the pre-trial habeas corpus. *Ex parte Hargett*, 819 S.W.2d 866, 868–869 (Tex.Crim.App.1991). But when the trial court heard and accepted the plea and rendered its judgment, our jurisdiction to review the habeas terminated. *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex.App.-Houston [14th] 1990, no pet.); *Budd v. State*, No. 07–97–0054–CR, 1998 WL 783755, *2–3 (Tex.App.-Amarillo Nov.10, 1998, no pet.)(not designated for publication); *see also Ex parte Branch*, 553 S.W.2d 380, 381 (Tex.Crim.App.1977). I would dismiss this appeal for want of jurisdiction. Because the Court does not, I dissent.

---

**2.** At oral argument, the State agreed that if the application for writ of habeas corpus were granted, the proper remedy would be to set aside the conviction.