IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00199-CR

 

Nathan Andrew Kniatt,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court # 25704CR

 



DISSENTING Opinion



 








          Any
way you approach it, this is now a collateral attack on a conviction rendered
pursuant to a plea bargain.  Kniatt cannot appeal the plea, so the Court is coming
through the back-door to allow what cannot come in through the front-door.

          Yes,
because the trial court determined the merits of Kniatt’s
application, we had jurisdiction to review the pre-trial habeas corpus.  Ex
parte Hargett, 819 S.W.2d 866, 868-869 (Tex. Crim. App. 1991). 
But when the trial court heard and accepted the plea and rendered its judgment,
our jurisdiction to review the habeas terminated.  Saucedo
v. State, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990,
no pet.); Budd v. State, No.
07-97-0054-CR, 1998 Tex. App. LEXIS 7033, *5-6 (Tex. App.—Amarillo Nov.
10, 1998, no pet.) (not designated for publication); see also Ex parte Branch,
553 S.W.2d 380, 381 (Tex. Crim. App. 1977).  I would dismiss this appeal for want of
jurisdiction.  Because the Court does
not, I dissent.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Dissenting
opinion delivered and filed January 5, 2005

Publish