Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-11-00863-CR

**EX PARTE JOSE ISABEL MARTINEZ-HERNANDEZ**

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2011-cvk-001615-D2
Honorable Elma T. Salinas-Ender, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  September 12, 2012

AFFIRMED

This is an appeal from the trial court's denial of appellant's application for writ of habeas corpus.  We affirm.

### DISCUSSION

On October 5, 2011, appellant was arrested without a warrant and charged with aggravated sexual assault of an elderly or disabled person.  On that same date, a complaint was filed.  A few weeks later, another complaint was filed charging appellant with burglary of a habitation, a charge arising from the same incident as the aggravated assault.  On January 18, 2012, appellant was indicted on both offenses.  The trial court set bail at $100,000.

On appeal, appellant contends he was arrested pursuant to the first complaint, which did not allege probable cause. Therefore, appellant asserts the trial court erred in denying his application for a writ of habeas corpus because he was entitled to bail set at an amount not to exceed $10,000 pursuant to Texas Code of Criminal Procedure article 17.033(b), which provides, in pertinent part, that

> . . . a person who is arrested without a warrant and who is detained in jail must be released on bond, in an amount not to exceed $10,000, not later than the 48th hour after the person's arrest if the person was arrested for a felony and a magistrate has not determined whether probable cause exists to believe that the person committed the offense. . . . .

TEX. CODE CRIM. PROC. ANN. art. 17.033(b) (West 2005).

Habeas corpus is by definition an extraordinary writ in which the restraint of one's liberty is challenged as illegal. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.01 and 11.23 (West 2005); *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.). However, where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised are rendered moot. *See Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim. App. 1977); *Saucedo*, 795 S.W.2d at 9. Even if appellant was arrested pursuant to a complaint that did not allege probable cause, he has since been indicted; therefore, his argument under article 17.033(b) is moot. Except for his argument under article 17.033(b), appellant does not otherwise challenge the amount of his bail. Therefore, we do not consider whether the bail amount of $100,000 was excessive. For these reasons, we affirm the trial court's order.

Sandee Bryan Marion, Justice

Do not publish