**Dismissed and Memorandum Opinion filed August 5, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00457-CR

---

## EX PARTE CALVIN T. POWELL

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1396247**

---

# M E M O R A N D U M   O P I N I O N

Appellant filed a notice of appeal from the denial of his pro se pre-trial application for writ of habeas corpus alleging he was illegally restrained.[1] On June 17, 2014, appellant entered a plea of guilty to delivery of between four and 200 grams of cocaine in the underlying case. The trial court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for twelve years. Appellant filed a notice of appeal from the conviction, and

---

[1] The record reflects counsel was appointed to represent appellant in the underlying criminal case. Appellant's appointed counsel advised this court that he has not joined appellant's pro se application for writ of habeas corpus because he believes it to be frivolous. Appellant is not entitled to hybrid representation. *Stokes v. State*, 701 S.W.2d 54, 56 (Tex. App.—Houston [14th Dist.] 1985, no pet.) (citing *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981)).

the appeal is pending in this court under our appellate case number 14-14-00567-CR.

A conviction after a plea of guilty generally renders issues regarding pre-trial restraint moot. *See Ex parte Morgan*, 335 S.W.2d 766, 766 (Tex. Crim. App. 1960); *Ex parte Bennet*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (stating that "where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot."). To the extent any of appellant's issues may not have been rendered moot, they may be raised and considered in his direct appeal from the conviction. *See Hubbard v. State,* 841 S.W.2d 33, 33 (Tex. App.—Houston [14th Dist.] 1992, no pet.); *Saucedo v. State,* 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.). An application for writ of habeas corpus is not a substitute for an appeal and "should not be entertained where there is an adequate remedy at law." *Saucedo,* 795 S.W.2d at 9.

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices McCally, Brown, and Wise.