**Dismissed and Opinion Filed June 24, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01490-CV

### EX PARTE J.I.L., A MINOR

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-70360-2014**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

J.I.L. was accused of online impersonation. After the State filed a petition to adjudicate, J.I.L filed an application for a pretrial writ of habeas corpus which the trial court denied. J.I.L appealed the trial court's ruling to this Court. Two weeks later, J.I.L. waived his right to a jury trial and pleaded true to the State's allegations in the petition. The trial court adjudicated him delinquent and placed him on one year probation. For the reasons set out below, we dismiss this appeal.

In August 2014, the State filed an original petition for an adjudication, alleging J.I.L. engaged in delinquent conduct. Specifically, the State alleged J.I.L. violated section 33.07 of the Texas Penal Code by intentionally or knowingly using another juvenile's persona or name to create an Instagram account without her permission and posting a sexually explicit message on the account. In response, J.I.L. filed an application for pretrial writ of habeas corpus, alleging he was illegally restrained of his liberty by virtue of the "restrictive conditions of his release from

detention from the Collin County Juvenile Detention Facility and the oppressive burden of a juvenile delinquency proceeding." In his application, he asserted section 33.07 of the penal code was unconstitutional and, as a result, the State's petition should be dismissed. After the trial court denied the relief requested, J.I.L. filed this appeal.

Two weeks after filing his notice of appeal, J.I.L. waived his right to a jury trial and stipulated to the allegations made by the State, including that he violated section 33.07 of the penal code. Following an adjudication hearing, the trial court found the State's allegations were supported by the evidence and were true. The trial court then concluded J.I.L. had engaged in delinquent conduct as set out in the State's petition and placed him on one year probation with three months of "intensive supervision." Although the trial court informed J.I.L. of his right to appeal, he did not do so.

The writ of habeas corpus is an extraordinary writ. *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978). While a writ of habeas corpus may be used to challenge any unlawful restraint, it may not be used as a substitute for appeal. *Ex parte Powell*, 558 S.W.2d 480, 481 (Tex. Crim. App. 1977). Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *Groves*, 571 S.W.2d at 890. When determining whether an issue is cognizable on habeas, we consider a variety of factors, including whether the alleged defect would bring into question the trial court's power to proceed. *Ex parte Weise*, 55 S.W.3d at 619. A pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review. *Id*. When the premise of a habeas corpus application is "destroyed" by subsequent developments, the legal issues raised are rendered moot. *Saucedo v.*

*State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.); *see Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim. App. 1977).

Here, J.I.L. sought relief from what he alleged was an unlawful prosecution because of a purportedly unconstitutional statute.  However, shortly after he filed an appeal of the denial of his request for habeas relief, he pleaded true to the allegations in the State's petition and was adjudicated delinquent.  Because the case has gone forward to adjudication, the issue appellant raised by pretrial habeas corpus is moot.  *Saucedo*, 795 S.W.2d at 9; *see Rodriguez v. State*, No. 14-99-00158-CR, 1999 WL 588877, at *1 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (not designated for publication) (appellant, who sought pretrial habeas relief challenging constitutionality of statute, had adequate remedy at law by direct appeal; plea of nolo and subsequent conviction rendered issue moot).  Furthermore, J.I.L. raised an issue that was suitable for consideration on direct appeal; his adequate remedy was a direct appeal of his adjudication. Under these circumstances, we conclude we lack jurisdiction to consider the matter.

We dismiss this appeal.


141490F.P05

          /Molly Francis/
          MOLLY FRANCIS
          JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE J.I.L., A MINOR

No. 05-14-01490-CV

On Appeal from the 417th Judicial District Court, Collin County, Texas
Trial Court Cause No. 417-70360-2014.
Opinion delivered by Justice Francis, Justices Lang-Miers and Whitehill participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.


Judgment entered June 24, 2015.