ACCEPTED
05-14-01490-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
7/7/2015 2:12:37 PM
LISA MATZ
CLERK

No. 05-14-01490-CV

| | |
|---|---|
| IN THE MATTER OF J.I.L. | IN THE FIFTH COURT OF APPEALS |

APPELLANT'S MOTION FOR REHEARING OR EN BANC CONSIDERATION

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
7/7/2015 2:12:37 PM
LISA MATZ
Clerk

TO THE HONORABLE COURT OF APPEALS:

Appellant J.I.L. moves for rehearing under Texas Rule of Appellate Procedure 49.1, and for en banc consideration under Texas Rule of Appellate Procedure 49.7.

INTRODUCTION

By choosing to pretend that the sole issue in this case—*Is Section 33.07 unconstitutional?*—no longer legally matters to the parties, this Court has failed to follow the "consistent policy" of the Texas Supreme Court "to apply rules of procedure liberally to reach the merits of the appeal whenever possible." *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008).

The case is not moot.

> A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer "live," or if the parties lack a legally cognizable interest in the outcome. Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests.

*Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012)

None of those things are true of the current case. There is still a justiciable controversy between the parties. The issue presented—*Is Section 33.07 unconstitutional?*—is still live, and the parties still have a legally cognizable interest in the outcome. This Court's action on the merits—finding Section 33.07 of the Texas Penal Code unconstitutional—will affect the parties' rights and interests.

J.I.L. alleged in his Application for Writ of Habeas Corpus that he was

> illegally restrained of his liberty and confined in Collin County, Texas by the Respondent, Judge, 417th District Court, by virtue of the restrictive conditions of his release from detention from the Collin County Juvenile Detention Facility and the oppressive burden of a juvenile delinquency proceeding. … The terms "confinement" and "restraint" encompass incarceration, release on bail or bond, release on community supervision or parole, or any other restrain[t] on personal liberty.

CR 20. He further alleged that his restraint was illegal because the statute under which he was being prosecuted was unconstitutional. CR 21.

The statute is still unconstitutional. That did not change with J.I.L.'s plea of true.

J.I.L. is still restrained by the Respondent, the judge of the 417th District Court. That did not change with J.I.L.'s plea of true.

J.I.L. is still restrained because of the unconstitutional statute. That, too, did not change with his plea of true.

The exact form of J.I.L.'s restraint has changed—instead of pretrial restraint, he suffers the restraint of being on probation—but he is restrained by the 417th District Court nonetheless because, until J.I.L. is discharged from probation, the 417th District Court may modify his disposition. TEX. FAM. CODE §54.05.

This is a juvenile case, analogous to an adult criminal case, which "is moot only if it is shown that there is no possibility that *any* collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York,* 392 U.S. 40, 57 (1968).

"[P]rior convictions that had been discharged may have serious collateral consequences to a criminal defendant, thus the mootness doctrine cannot prohibit a collateral attack." *Ex parte Guzman*, 551 S.W.2d 387, 388 (Tex. Crim. App. 1977). Likewise, even after he is discharged from probation, J.I.L. will continue to be restrained by the "oppressive burden of a juvenile delinquency proceeding" for the rest of his life because this adjudication may be used to enhance his future punishment. TEX. CODE CRIM. PROC. art. 37.07 § 3(a)(1); *see Ex parte Ormsby*, 676 S.W.2d 130, 131 (Tex. Crim. App. 1984) (in an adult case, "applicant's habeas claim is not rendered moot by the discharge of his probated sentence").

This Court's ruling on the merits of the issue—*Is Section 33.07 unconstitutional?*—will not be an advisory opinion, but rather will affect the parties' rights and interests. An affirmative answer will terminate J.I.L.'s probation and the juvenile proceedings; it will discharge J.I.L., allow him to seek expunction of the record of his arrest, and prevent further collateral consequences.

## SAUCEDO IS INAPPOSITE.

In dismissing the appeal this Court cited *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.) for the proposition, "Because the case has gone forward to adjudication, the issue appellant raised by pretrial habeas corpus is moot."

It is not a rule that adjudication moots issues raised by habeas before adjudication. Adjudication may in some cases moot such issues, but adjudication does not automatically cause mootness.

*Saucedo* is inapposite to this case. Mr. Saucedo filed a pretrial application for a writ of habeas corpus challenging his pretrial detention. While his *pro se* appeal was pending, he pled guilty and was sentenced to a term of imprisonment. The Fourteenth Court held that his appeal was moot because "any determination [it] might make on the merits would be advisory only." *Id.*

4

Mr. Saucedo did not petition the Court of Criminal Appeals for discretionary review, but in her concurrence to *Kniatt v. State* Presiding Judge Keller hinted at some doubt about the holding in *Saucedo. See Kniatt v. State*, 206 S.W.3d 657, 665 (Tex. Crim. App. 2006) (Keller, P.J., concurring) ("Even if we were to adopt the holding[]…").

*Saucedo* might apply if J.I.L. had complained only of his pretrial release, and had that pretrial release been terminated while the appeal was pending. But J.I.L. complained of the burden, generally, of a juvenile delinquency proceeding. That burden remains, and will remain, and if this court answers the issue—*Is Section 33.07 unconstitutional?*—in the affirmative, J.I.L. will be relieved of that burden. This distinguishes this case from *Saucedo*.

It may be that Mr. Saucedo's complaints about his restraint were complaints that, like most, are not cognizable on pretrial habeas; the opinion in Saucedo does not specify those complaints. J.I.L.'s sole issue, however, was an as-written First Amendment overbreadth challenge, cognizable on pretrial habeas. *See Ex Parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013) (on appeal from pretrial habeas, holding statute overbroad as written in violation of the First Amendment).

Put otherwise, in *Saucedo* the issue was "is Mr. Saucedo's pretrial detention legal?"; that issue, which may not have been cognizable in habeas in the first place, became moot with his conviction. In the present case the issue—*Is Section 33.07 unconstitutional?*—was cognizable in pretrial habeas, and remains live after adjudication.

As in *Kniatt v. State*, "the habeas claim in the present case purports to undermine the validity of the conviction, and so does not disappear after conviction like complaints regarding probable cause or bail." *Kniatt v. State*, 206 S.W.3d 657, 665 (Tex. Crim. App. 2006) (Keller, P.J., concurring).

Like Mr. Kniatt, J.I.L. has no adequate remedy on appeal.[1] He might have at one point, but unless his *Notice of Appeal* invoked this Court's jurisdiction to review the preserved error in the trial court, he lost his appellate remedy when this Court dismissed his appeal.

*Ex Parte Powell* stands for the proposition that an application for habeas corpus may not be used as a substitute for an appeal. J.I.L. is not using an application for habeas corpus as a substitute for appeal.

---

[1] That is, unless this Court treats his *Notice of Appeal* as a general notice of appeal, as discussed *infra*.

Rather, he is appealing the denial of an application for writ of habeas corpus that was the proper instrument at the time. The issue was cognizable, the trial court had authority to decide the application for writ of habeas corpus under Article 5, section 8 of the Texas Constitution, and this Court's jurisdiction was set when he filed his notice of appeal: "if the district court grants the writ, but subsequently denies relief, the applicant has the right to appeal. An appeal invokes the jurisdiction of the appellate court." *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (citations omitted).

## The *Kniatt* cases apply.

In *Kniatt* the Court of Criminal Appeals ruled on the merits of the denial of an application for writ of habeas corpus, filed while the applicant was on deferred-adjudication probation but ruled on after adjudication. *Kniatt*, 206 S.W.3d 657.

In *Arreola v. State*, similarly, the First Court of Appeals held that it had jurisdiction over the appellant's appeal from the denial of his application for writ of habeas corpus, where the adjudication of guilt had intervened between the denial of habeas corpus relief and the appeal. *Arreola v. State*, 207 S.W.3d 387, 390 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

If nothing else, these two cases prove that adjudication does not necessarily moot pre-adjudication habeas. Like the adjudications in *Kniatt* and *Arreola*, the adjudication in J.I.L.'s case did not render the underlying issue moot.

## This is J.I.L.'s remedy on appeal.

J.I.L. filed his *Application for Writ of Habeas Corpus* expecting that it would be docketed separately from the underlying case. (CR 20, showing additional line for new cause number). "Such habeas corpus proceedings should be docketed separately from the substantive cause and given a different cause number." *Kelson v. State*, 167 S.W.3d 587, 593 (Tex. App.—Beaumont 2005, no pet.). "Failure to docket habeas corpus proceedings separately is a common mistake of the bench and bar and the court clerks of this State." *Ex parte Carter*, 849 S.W.2d 410, 412 n.2 (Tex. App.—San Antonio 1993, pet. ref'd.). The District Clerk in this case made that common mistake and docketed J.I.L.'s *Application for Writ of Habeas Corpus* under cause number 417-70360-2014.

The trial court signed its *Order* denying habeas corpus relief under cause number 417-70360-2014.

J.I.L. filed his *Notice of Appeal* under cause number 417-70360-2014.

There are two ways this Court could treat these procedural facts.

This Court could treat the *Notice of Appeal* as what it purports to be—a direct appeal of cause number 417-70360-2014, timely filed according to Texas Rule of Appellate Procedure 27.1, and complaining specifically of the denial of the *Application for Writ of Habeas Corpus*.

That *Application* was effectively a motion to dismiss the case for the unconstitutionality of the statute, and the trial court's order was a refusal to dismiss the case for the unconstitutionality of the statute. "An appellate court, in order to determine its jurisdiction, must look to the effect of any orders concerning an indictment or information, not what the trial court or the parties at trial have labeled such orders." *State v. Moreno*, 807 S.W.2d 327, 333 (Tex. Crim. App. 1991).

J.I.L.'s designation of the denial of the writ of habeas corpus as the subject of the appeal does not deprive this Court of jurisdiction or convert his appeal to an interlocutory appeal (which would not be permitted); it simply limits the subject matter of the appeal. *See Bynog*

9

*v. Prater,* 60 S.W.3d 310, 314 (Tex.App.—Eastland 2001, pet. denied) (holding that appellant presented nothing for review concerning complaints related to motion to reinstate because notice of appeal designated order of dismissal as order from which she appealed). This limitation is not a problem for J.I.L. The trial court's refusal to dismiss the prosecution because the statute is unconstitutional is the only error preserved in this case; by granting relief the trial court would have disposed of the case, and by denying relief the trial court eliminated J.I.L.'s only proffered defense.

In cause number 417-70360-2014 there was only one judgment: the final judgment. The signing of that judgment triggered the time for filing a notice of appeal. *See* Tex. R. App. Proc. 26.1 ("The notice of appeal must be filed within 30 days after the judgment is signed…").

If the *Application for Writ of Habeas Corpus* and the *Notice of Appeal* are treated as part of cause number 417-70360-2014 (which, on their faces, they are), then J.I.L. preserved error in compliance with Texas Rule of Appellate Procedure 33.1—he brought his complaint to the court's attention and got a ruling on it—and this Court should reach the merits of the appeal in compliance with the Texas Supreme

Court's policy of applying the rules of procedure liberally to reach the merits of the appeal.

## Or this Court could treat this appeal as an appeal from a separate habeas proceeding.

This Court could treat the *Application for Writ of Habeas Corpus* and the *Notice of Appeal* as though they had been properly docketed under separate cause number X (anything but 417-70360-2014), even though they were not. This is the approach that J.I.L. initially took, but he is not bound to that approach, and in retrospect it is probably wrong because the papers were not docketed under a separate case.

If the *Application for Writ of Habeas Corpus* and the *Notice of Appeal* had been properly docketed under cause number X, then the order denying habeas relief would have disposed of cause number X, and it would have been an appealable final judgment, triggering the 30-day timeline for filing a notice of appeal in cause number X.

But if he had asked for relief only in cause number X, J.I.L. would not have filed a motion to dismiss in cause number 417-70360-2014, would not have preserved error under Texas Rule of Appellate Procedure 33.1, and would not have a remedy on direct appeal from cause number 417-70360-2014.

11

If J.I.L. did not have a remedy on direct appeal from cause number 417-70360-2014, then either a) the writ of habeas corpus (and appeal of the denial of relief) remains the appropriate instrument for reviewing the legality of J.I.L.'s continued restraint; or b) J.I.L.'s trial counsel—the undersigned architect of this gallimaufry—was ineffective in failing to preserve error under Rule 33.1 and file a direct appeal.

By choosing to treat the appeal from cause number 417-70360-2014 as one over which it has no jurisdiction, this Court applies the rules of procedure illiberally to avoid the merits of the appeal, but it only postpones the inevitable ruling. "The choice is simply between habeas proceedings now and habeas proceedings later." *Kniatt v. State*, 206 S.W.3d 657, 666 (Tex. Crim. App. 2006) (Keller, P.J., concurring).

## CONCLUSION

The sole issue in this case—whether the statute under which J.I.L. was and is being restrained is constitutional—is still live, and not moot.

## CERTIFICATE OF SERVICE

A copy of this motion will be delivered to the attorney for the State by the efile system.

12

Thank you,

Mark Bennett
SBN 00792970
Bennett & Bennett
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747