Opinion issued June 7, 2016



In The

# Court of Appeals

For The

## First District of Texas

———————————

## NO. 01-16-00165-CR

———————————

## EX PARTE JORGE LUIS BERBER

On Appeal from the 339th District Court
Harris County, Texas
Trial Court Case No. 1396263

## MEMORANDUM OPINION

Jorge Luis Berber appeals the denial of a pretrial application for writ of habeas corpus seeking a bond reduction. We dismiss the appeal as moot.

### Background

Berber was charged in trial court cause number 1396263 with the offense of aggravated robbery. On August 1, 2013, the trial court set bond at $30,000. On

November 3, 2013, Berber posted a $30,000 bond through Accredited Surety & Casualty, Inc.

On February 22, 2016, acting pro se, Berber filed an application for pretrial writ of habeas corpus to reduce bond and "for show cause for insufficient evidence." According to Berber's application, he was placed back in custody on or about July 7, 2015, and a bond was set at $75,000.

On February 23, 2016, the trial on the aggravated robbery charge began before a jury. The jury found Berber guilty and sentenced him to 12 years' confinement in the Texas Department of Criminal Justice, Institutional Division.[1]

## Discussion

A defendant may file a pretrial writ of habeas corpus seeking bail reduction or release on personal recognizance bond. TEX. CODE CRIM. PROC. arts. 11.24, 17.151. However, "where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.]

---

[1] The record before us on appeal includes the trial court's oral pronouncement of guilt and sentencing, but not the trial court's written judgment. However, Berber's appeal from his conviction is pending before the Court in case number 01-16-00223-CR, and the clerk's record in that cause number includes the trial court's written judgment. We take judicial notice of the trial court's final judgment in appellate case number 01-16-00223-CR. TEX. R. EVID. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); TEX. R. EVID. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

1991, no pet.) (quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.)). An appeal from the denial of a pretrial writ of habeas corpus seeking bail reduction is rendered moot if the defendant is tried and convicted. *Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) ("The appellant having been tried during the pendency of this appeal, the question of his pre-trial bond is moot."); *Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (appeal of denial of pretrial bond rendered moot by defendant's conviction).

Since Berber filed his pretrial writ of habeas corpus seeking bail reduction, the trial court has rendered judgment, convicting Berber of aggravated robbery and sentencing him to 12 years' confinement. Because Berber has been convicted of the underlying offense and is no longer subject to pretrial confinement, his appeal from the denial of his application for a pretrial writ of habeas corpus is moot. *See Ex parte Tucker*, 3 S.W.3d at 576; *Martinez*, 826 S.W.2d at 620.

## Conclusion

For the foregoing reasons, Berber's appeal from the denial of his pretrial application for writ of habeas corpus seeking a bond reduction is dismissed as moot.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).