**Dismissed and Memorandum Opinion filed October 19, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00934-CR

## EX PARTE BRENT WAYNE JUSTICE

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1385768**

## MEMORANDUM OPINION

Appellant filed a pretrial application for writ of habeas corpus, arguing pro se that he should be released from confinement because Section 12.35(c)(1) of the Texas Penal Code is "overbroad and facially invalid, and that any conviction secured under it would be unconstitutional." The trial court denied relief and an appeal was brought to this court.

After the appeal was filed here, appellant was tried and convicted of the underlying offense that was the subject of his pretrial habeas application. A direct appeal of that conviction was also brought to this court, in appeal number 14-16-

00153-CR. On our own motion, we consolidated the habeas appeal with the direct appeal.

In the direct appeal, which we decided today in a separate opinion, we reformed appellant's judgment of conviction and remanded for a new hearing on punishment only. The arguments presented in appellant's habeas application would provide no basis for lifting the restraint on his liberty.

With the exception of double-jeopardy issues, which have not been raised here, "pretrial habeas is not appropriate when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *See Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Therefore, appellant's challenges to his pretrial confinement are moot. *See Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.) ("Where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot.").

Accordingly, we dismiss this appeal as moot.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).