

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

|   |   |
|---|---|
| § | No. 08-22-00123-CR |
| § | Appeal from the |
| EX PARTE: REGINAL C. GILBERT § | 142nd Judicial District Court |
| § | of Midland County, Texas |
| § | (TC# CR-57,536) |

## <u>**MEMORANDUM OPINION**</u>

Reginald C. Gilbert appeals the denial of a pretrial application for writ of habeas corpus seeking a bond reduction.[1] We dismiss the appeal as moot.

## **BACKGROUND**

On February 24, 2022, Gilbert was indicted with the offense of evading arrest with a motor vehicle. His bond was set at $5,000. On May 20, 2022, through defense counsel, Gilbert filed an application for pretrial writ of habeas corpus to reduce his bond. On June 6, 2022, the trial court denied his request for a lower bond. On June 8, 2022, Gilbert, *pro se*, filed a notice of appeal for the denial of his pretrial writ of habeas corpus. On June 29, 2022, the trial court certified his right

---

[1]This case was transferred from our sister court, the Eastland Court of Appeals, pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. section 73.001. We follow the precedent of the Eastland Court of Appeals to the extent they might conflict with our own. *See* TEX.R.APP.P. 41.3.

to appeal.

On August 18, 2022, a second supplemental clerk's record was filed in this cause. The record includes a judgment that on August 16, 2022, a jury found Gilbert guilty and sentenced him to 12 years' confinement in the Texas Department of Criminal Justice, Institutional Division.

## DISCUSSION

A defendant may file a pretrial writ of habeas corpus seeking bail reduction or release on personal recognizance bond. TEX.CODE CRIM.PROC.ANN. arts. 11.24, 17.151. However, "where the premise of a habeas corpus application is destroyed by subsequent developments the legal issues raised thereunder are rendered moot." *Bennet v. State,* 818 S.W.2d 199, 200 (Tex.App.– Houston [14th Dist.] 1991, no pet.)(quoting *Saucedo v. State,* 795 S.W.2d 8, 9 (Tex.App.–Houston [14th Dist.] 1990, no pet.)). An appeal from the denial of a pretrial writ of habeas corpus seeking bail reduction is rendered moot if the defendant is tried and convicted. *Ex parte Tucker,* 3 S.W.3d 576, 576 (Tex.Crim.App.1999)("The appellant having been tried during the pendency of this appeal, the question of his pre-trial bond is moot."); *Martinez v. State,* 826 S.W.2d 620, 620 (Tex.Crim.App.1992)(appeal of denial of pretrial bond rendered moot by defendant's conviction).

Since Gilbert filed his pretrial writ of habeas corpus seeking bail reduction, the trial court has rendered judgment, convicting Gilbert of evading arrest or detention with a vehicle and sentencing him to 12 years' confinement. Because Gilbert has been convicted of the underlying offense and is no longer subject to pretrial confinement, his appeal from the denial of his application for a pretrial writ of habeas corpus is moot. *See Ex parte Tucker,* 3 S.W.3d at 576; *Martinez,* 826 S.W.2d at 620.

## CONCLUSION

For the foregoing reasons, Gilbert's appeal from the denial of his pretrial application for

writ of habeas corpus seeking a bond reduction is dismissed as moot. *See* TEX.R.APP.P. 43.2(f).


August 23, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)