

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-22-00247-CR
No. 10-22-00248-CR
No. 10-22-00249-CR

**EX PARTE FLORENCIO SANCHEZ RUAN**

**From the 443rd District Court**
**Ellis County, Texas**
**Trial Court Nos. 44774CR, 44775CR, & 44776CR**

**MEMORANDUM OPINION**

Appellant, Florencio Sanchez Ruan, appeals the trial court's order setting bail that had the effect of denying his pretrial application for writ of habeas corpus. We dismiss the appeals as moot.

**Background**

Ruan was charged in three indictments with four counts of sexual assault of a child and one count of aggravated assault with a deadly weapon.[1] *See* TEX. PENAL CODE ANN.

---

[1] Appellate cause number 10-22-00247-CR corresponds with the one count of aggravated assault with a deadly weapon. Appellate cause number 10-22-00248-CR corresponds with two counts of sexual assault of a child. Appellate cause number 10-22-00249-CR corresponds with the remaining two counts of

§§ 22.011(a)(2), 22.02.  Bail was set at $75,000 in the sexual-assault-of-a-child cases and $40,000 in the aggravated-assault-with-a-deadly-weapon case.  After three years in custody, Ruan filed an application for writ of habeas corpus seeking release on bond.  After a hearing, the trial court reduced bail to $10,000 in the sexual-assault-of-a-child cases and $5,000 in the aggravated-assault-with-a-deadly-weapon case and ordered additional bond conditions, including the use of a GPS ankle monitor.  Ruan filed his notice of appeal, and the trial court certified Ruan's right to appeal, in each appellate cause number.

While these appeals were pending, the State notified this Court that Ruan has pleaded guilty in all three cases and was sentenced to twelve years' confinement in each case.

## Discussion

A defendant may file a pretrial writ of habeas corpus seeking bail reduction or release on personal recognizance bond.  TEX. CODE CRIM. PROC. ANN. arts. 11.24, 17.151.  However, "'where the premise of a habeas corpus application is destroyed by subsequent developments the legal issues raised thereunder are rendered moot.'"  *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.)).  An appeal from the

---

sexual assault of a child.  Furthermore, the trial court granted the State's motion to consolidate and try these cases in one trial.

denial of a pretrial writ of habeas corpus seeking bail reduction is rendered moot if the defendant is tried and convicted. *Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) ("The appellant having been tried during the pendency of this appeal, the question of his pre-trial bond is moot."); *Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) ("Applicant has been convicted of the underlying offense and is no longer subject to pre-trial confinement. Therefore, applicant's petition is moot[,] and we will not address the merits of his petition." (internal citation omitted)).

Since Ruan filed his pretrial application for writ of habeas corpus seeking a reduction in bail, Ruan has pleaded guilty to the charged offenses, the trial court has rendered judgment convicting Ruan of the charged offenses, and Ruan was sentenced to twelve years' confinement in each case. Because Ruan has been convicted of the underlying offenses and is no longer subject to pretrial confinement, his appeals from the denial of his application for a pretrial writ of habeas corpus in appellate cause numbers 10-22-00247-CR, 10-22-00248-CR, and 10-22-00249-CR are moot. *See Ex parte Tucker*, 3 S.W.3d at 576; *see also Martinez*, 826 S.W.2d at 620.

For the foregoing reasons, we dismiss Ruan's appeals in appellate cause numbers 10-22-00247-CR, 10-22-00248-CR, and 10-22-00249-CR as moot.


STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
Appeals dismissed
Opinion delivered and filed December 28, 2022
Do not publish
[CR25]

