**Dismissed and Memorandum Opinion filed November 21, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00610-CR

## EX PARTE JULIO OSCAR MEDINA- DE LA CRUZ

**On Appeal from the County Court**
**Jim Hogg County, Texas**
**Trial Court Cause No. 1011**

## MEMORANDUM OPINION

Appellant was charged with criminal trespassing. Appellant filed a pretrial application for writ of habeas corpus. On June 20, 2023, the trial court denied appellant's motion. On July 18, 2023, appellant filed a notice of appeal.

During the pendency of this appeal, the trial court granted appellant's motion for reconsideration; granted appellant's application for writ of habeas corpus; and dismissed the information charging appellant with criminal trespass. Because the underlying charge has been dismissed and the application for writ of habeas corpus has been granted, this appeal is moot.

The longstanding rule in Texas regarding habeas corpus is that "where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no writ) (citing *Ex parte Branch*, 553 S.W.2d 380 (Tex. Crim. App. 1997); *see Ex parte Castillo*, No. 03-20-00260-CR, 2020 WL 4462315 at *1 (Tex. App.—Austin July 17, 2020, no pet.) (mem. op., not designated for publication).

On October 17, 2023, we notified appellant that the appeal was subject to dismissal for want of jurisdiction unless appellant demonstrated, within 21 days, that the court has jurisdiction. Appellant responded that he has no objection to this court's dismissal of the appeal for lack of jurisdiction. Accordingly, we reinstate the appeal and dismiss for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Hassan, Poissant, and Wilson.

Do Not Publish – Tex. R. App. P. 47.2(b)