**Opinion issued April 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00311-CR

———————————

## EX PARTE JAQUAN LAMAR WILLIAMS, Appellant

---

**On Appeal from the 482nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1811483**

---

## MEMORANDUM OPINION

Jaquan Lamar Williams appeals from the denial of his pretrial application for writ of habeas corpus challenging the constitutionality of section 46.02(a-7) of the Texas Penal Code. *See* TEX. PENAL CODE § 46.02(a-7).

On August 21, 2024, Williams was convicted on his plea of guilty to a third-degree-felony offense of unlawful possession of a firearm by a felon. Because

Williams is no longer confined on a charge that he challenged in his pretrial writ of habeas corpus, his appeal of the denial of that writ is thus moot.[1]

We therefore dismiss this appeal as moot.[2] We also dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Do not publish. *See* TEX. R. APP. P. 47.2(b).

---

[1] *See Ex parte Pete*, No. 01-22-00259-CR, 2022 WL 16985609, at \*2–3 (Tex. App.—Houston [1st Dist.] Nov. 17, 2022, pet. ref'd) (mem. op., not designated for publication) ("An appeal challenging the denial of a pretrial application for writ of habeas corpus is rendered moot when the appellant is convicted of the underlying offense before the appellate court rules on his appeal."); *see also Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (defendant's appeal from trial court's order denying pretrial application for writ of habeas corpus rendered moot by defendant's conviction because defendant no longer confined based on process underlying his original detention and was then confined pursuant to judgment of conviction and sentence).

[2] On September 26, 2024, we notified Williams that this appeal appeared to be moot. He responded, arguing that while generally a conviction during the pendency of a pre-trial habeas corpus causes the subject of the appeal to be moot, this "habeas claim undermines the validity of the conviction and will not disappear after conviction like claims relating to bail or probable cause." Even assuming arguendo that this habeas appeal is not moot, Williams' challenge to the constitutionality of section 46.02(a-7) as violating his Second Amendment right to possess a firearm has recently been addressed by this Court, which held that section 46.02(a-7) is constitutional. *See Ex parte Simmons*, No. 01-23-00536-CR, 2024 WL 5248875, at \*3–4 (Tex. App.—Houston [1st Dist.] Dec. 31, 2024, no pet.). And he filed the same habeas application as in *Simmons*. Thus, absent contrary direction from a higher court, we must follow our own precedent. *See Crawford v. State*, No. 01-22-00706-CR, 2024 WL 3056648, at \*8 n.8 (Tex. App.—Houston [1st Dist.] June 20, 2024, pet. ref'd).