**Opinion issued May 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-23-00718-CR

### NO. 01-23-00719-CR

### NO. 01-23-00720-CR

_____

## EX PARTE EDDIE ALBERTO MILLER

---

### On Appeal from the 248th District Court
### Harris County, Texas
### Trial Court Case Nos. 1832597, 1832598, 1832599

---

## MEMORANDUM OPINION

Appellant Eddie Alberto Miller appeals from the trial court's September 22, 2023 orders denying Miller's applications for pretrial habeas corpus seeking reduction of bond in his three trial court causes. We dismiss the appeals as moot.

Appellant was indicted for the offenses of capital murder, attempted capital murder of a peace officer, and aggravated assault of a peace officer. He filed applications and amended applications for writ of habeas corpus to reduce his bonds on $1 million for the capital murder charge, and $750,000 for each of the other two charges. The trial court denied the applications and appellant filed notices of appeal. Appellant's brief was filed on November 8, 2024 and the State's brief was filed on December 2, 2024. The cases were set for submission on the briefs on April 28, 2025, but the Court learned that appellant may have been convicted in one or more cases and issued an order on April 29, 2025 requesting supplemental clerk's records. On May 2, 2025, the Court received three supplemental clerk's records indicating that appellant was convicted of capital murder on April 17, 2025, and the other two cases were dismissed by orders signed on April 21, 2025.

"[W]here the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.)). Because appellant has been convicted of one of the underlying offenses and the other two criminal actions have been dismissed, appellant is no longer subject to pretrial confinement and his appeals from the denial of his applications for writ of habeas corpus are moot.

2

We dismiss the appeals.  *See* TEX. R. APP. P. 43.2(f).  Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish.  TEX. R. APP. P. 47.2(b).