

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00149-CR

---

**EX PARTE JORDAN ANTHONY WINTERS**

---

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 6753, Honorable Kimberly Allen, Presiding

---

June 26, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Jordan Anthony Winters, was acquitted, by reason of insanity, of evading arrest or detention.[1]  Following his acquittal, he remained jailed in Moore County pending further proceedings pursuant to article 46C.160 of the Code of Criminal Procedure.  Through application for habeas corpus, he also sought release from custody, arguing that he was detained beyond the period permitted under article 46C.160.  The trial court denied relief.  He appealed.  Pending appeal, the trial court ordered his discharge and release.

---

[1] *See* TEX. PENAL CODE ANN. § 38.04.

Since Appellant is no longer in custody or restrained, the legal issues underlying this appeal are moot. *See Weise v. State*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) ("[A habeas corpus] applicant must be illegally restrained to be entitled to relief."); *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no writ) ("Where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot."). Because we have no jurisdiction to decide moot controversies and issue advisory opinions, we directed the parties to show how the Court has jurisdiction over the appeal. *See Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd). Both Appellant and the State concede that the appeal is moot and that the Court lacks jurisdiction.

Consequently, we dismiss the appeal for want of jurisdiction.


Per Curiam


Do not publish.