

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00541-CR

**EX PARTE** Juan Alberto **GONZALEZ**

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-25-0000012
Honorable M. Patrick Maguire, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: January 28, 2026

DISMISSED

Appellant, Juan Alberto Gonzalez, appeals the trial court's denial of Gonzalez's pretrial writ of habeas corpus seeking a bail reduction. We dismiss the appeal as moot.

Gonzalez was charged by indictment on one count of assault on a peace officer. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B). The trial court set Gonzalez's bond at $100,000, and it imposed a "cash-only" restriction. Gonzalez filed a pretrial application for habeas relief in the form of a reduction in the amount of bail. The trial court denied Gonzalez's application. Gonzalez timely appealed. While this appeal was pending, the State notified this court that a jury had convicted Gonzalez on the charge of assault on a peace officer. The State requested that we dismiss Gonzalez's appeal.

A defendant may file a pretrial writ of habeas corpus seeking bail reduction or release on personal recognizance bond. TEX. CODE CRIM. PROC. ANN. arts. 11.24, 17.151. However, "'where the premise of a habeas corpus application is destroyed by subsequent developments the legal issues raised thereunder are rendered moot.'" *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.)). An appeal from the denial of a pretrial writ of habeas corpus seeking bail reduction is rendered moot if the defendant is tried and convicted. *Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) ("The appellant having been tried during the pendency of this appeal, the question of his pre-trial bond is moot."); *Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) ("Applicant has been convicted of the underlying offense and is no longer subject to pre-trial confinement. Therefore, applicant's petition is moot[,] and we will not address the merits of his petition." (internal citation omitted)).

Since Gonzalez filed his pretrial application for writ of habeas corpus seeking a reduction in bail, Gonzalez has been convicted on the charged offense, the trial court has rendered judgment convicting Gonzalez of the charged offense, and Gonzalez was sentenced to eighteen years' confinement. Because Gonzalez has been convicted of the underlying offense and is no longer subject to pretrial confinement, his appeal from the denial of his application for a pretrial writ of habeas corpus is moot. *See Ex parte Tucker*, 3 S.W.3d at 576; *see also Martinez*, 826 S.W.2d at 620. Therefore, we dismiss Gonzalez's appeal as moot.

PER CURIAM

Do Not Publish