**Sherry HUBBARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–00058–CR.**

Court of Appeals of Texas,
Houston.

Oct. 1, 1992.

Mary E. Conn, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

Sherry Hubbard appeals from a denial of her pre-trial application for writ of habeas corpus. We dismiss the application as moot.

Ms. Hubbard was charged by way of information with assault. Tex.Penal Code § 22.01(a)(1). On January 16, 1992, she was brought to trial, a jury was selected and sworn, and she entered a plea of not guilty. During trial the court granted the State's motion for mistrial based upon an alleged defense violation of the State's motion in limine. The State intended to immediately retry the case. Appellant filed an application for a pre-trial writ of habeas corpus in the county criminal court to discharge her from the "threat of further prosecution." The trial court denied relief and appellant filed a writ in this court. Appellant went to trial five days later. This court did not have time to rule on the writ of habeas corpus before appellant was convicted.

Although we do not agree with the trial court's decision to put the defendant to a second trial in such a short period of time, that issue is not before us. Consistent with *Martinez v. State*, 826 S.W.2d 620 (Tex.Crim.App.1992) we find that her pre-trial writ is moot because the appellant has already been convicted. Appellant points out in her post-submission brief that a person can raise a double jeopardy issue for the first time on a post-conviction writ of habeas corpus. We agree. However, appellant has not filed a post-conviction writ of habeas corpus, but instead is appealing a denial of a *pre-trial* writ of habeas corpus. We cannot discharge the appellant from the "threat of further prosecution" since she has already been prosecuted and no trial is currently pending. "Where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Saucedo v. State*, 795 S.W.2d 8 (Tex.App.—Houston [14th Dist.] 1990, no pet.). An appropriate remedy lies by way of appeal. *Id.*

Appellant's writ of habeas corpus is dismissed.