IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0323-05






NATHAN ANDREW KNIATT, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


ELLIS COUNTY





 Keller, P.J., filed a concurring opinion.


 I join the Court's opinion but write separately to comment on certain published opinions
relied upon by the State, and by the Court of Appeals's dissent, in arguing that the Court of Appeals
lacked jurisdiction to address the merits of applicant's pre-conviction habeas application. These
cases are Ex parte Branch, (1) Martinez v. State, (2) Saucedo v. State, (3) and Hubbard v. State, (4) which all
address not jurisdiction, but the doctrine of mootness. (5) 

 This case differs from these mootness cases. Branch held that the return of an indictment
rendered moot the question of probable cause to hold the defendant, (6) and Martinez held that a
conviction rendered moot a complaint regarding bail because the defendant was "no longer subject
to pre-trial confinement." (7) Essentially, these types of claims apply only at certain stages of the
prosecution, and they disappear once the prosecution progresses past the stage in question. By
contrast, the habeas claim in the present case purports to undermine the validity of the conviction,
and so does not disappear after conviction like complaints regarding probable cause or bail.

 Saucedo and Hubbard are more like the present case. They too addressed claims that did not
disappear with the imposition of conviction. (8) But in both cases, the courts held that the claims need
not be addressed in an appeal from habeas proceedings because they could be raised in an appeal
from the conviction itself. (9) The Saucedo court derived this holding from the proposition that "an
application for writ of habeas corpus should not be entertained where there is an adequate remedy
at law." (10) Even if we were to adopt the holdings of these lower court decisions, this case would be
distinguishable because the claim here (an attack on the voluntariness of the plea in a plea bargain
context) would, for various reasons, be barred from consideration in an appeal from the adjudication
of guilt. (11) The only other avenue for raising appellant's claim would be a post-conviction application
for a writ of habeas corpus. If the choice is simply between habeas proceedings now and habeas
proceedings later, the availability of those later proceedings cannot really be said to render the
timely-filed pre-conviction habeas proceedings moot. (12) 

 With these comments I join the Court's opinion. 

 

Date filed: June 21, 2006

Publish
1. 553 S.W.2d 380 (Tex. Crim. App. 1977).
2. 826 S.W.2d 620 (Tex. Crim. App. 1992).
3. 795 S.W.2d 8 (Tex. App.-Houston [14th Dist. 1990, no pet.).
4. 841 S.W.2d 33 (Tex. App.-Houston [14th Dist. 1992), no pet.).
5. Mootness can implicate jurisdiction, but only to the extent of the Texas Constitution's
implied prohibition against advisory judicial opinions. Patterson v. Planned Parenthood, 971
S.W.2d 439, 442-443 (Tex. 1998).
6. 553 S.W.2d at 381.
7. 826 S.W.2d at 620.
8. Saucedo, 795 S.W.2d at 9 ("Appellant raises several issues which may be suitable for
consideration on appeal of his conviction."); Hubbard, 841 S.W.2d at 33 (double jeopardy
question). 
9. Saucedo, 795 S.W.2d at 9; Hubbard, 841 S.W.2d at 33.
10. 795 S.W.2d at 9; see also Hubbard, 841 S.W.2d at 33 (citing Saucedo).
11. See Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App. 1999); Tex. R. App. P.
25.2(a)(2); Tex. Code Crim. Proc., Art. 42.12, §5(b).
12. See Jordan v. State, 54 S.W.2d 783 (Tex. Crim. App. 2001)(recognizing a defendant's
ability to litigate a pre-conviction habeas application at the same time as the revocation hearing
and to carry the issue up on appeal). In its brief, the State complains that appellant filed his
habeas application in the original criminal action instead of as a separate proceeding. This
complaint was not discussed in the Court of Appeals's opinion nor was it raised in the State's
petition. Consequently, I will not address it here.