NUMBER 13-04-00169-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MIGUEL ANGEL VASQUEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 103rd District Court of Cameron County, Texas.

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez
 


 Appellant, Miguel Angel Vasquez, appeals from the trial court's denial of relief
sought through pretrial application for writ of habeas corpus. We dismiss the appeal as
moot.

 The State charged appellant with committing the offense of DWI on February 12,
2003 and alleged appellant had been previously convicted of misdemeanor DWI in 1997,
1989, and 1985. It appears that the State attempted to use these prior offenses to
enhance the charged offense from a class B misdemeanor to a third degree felony under
section 49.09(b)(2) of the penal code. Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp.
2006). 

 On April 24, 2003, appellant sought relief through an application for pretrial writ of
habeas corpus, trial cause No. 2003-CR-176-D, on grounds that appellant never received
notice that this Court affirmed his 1997 conviction. On February 24, 2004, the trial court
denied appellant's application for writ of habeas corpus. On February 27, 2004, appellant
filed a notice of appeal from the trial court's denial of the writ of habeas corpus, docketed
in this court as cause No. 13-05-00010-CR.

 On November 11, 2004, appellant was found guilty on the February 2003 driving
while intoxicated charge. During the punishment phase of trial, the trial court found that
the State failed to produce sufficient evidence to support a finding that appellant was the
same person as the one named in the previous convictions. Thus, the trial court refused
to enhance appellant's sentence in its final judgment of conviction. (1) 

 Because appellant was subsequently convicted of the charged offense, his appeal
of the trial court's ruling on his pretrial writ of habeas corpus is moot. Martinez v. State,
826 S.W.2d 620, 620 (Tex. Crim. App. 1992). Moreover, where the premise of a habeas
corpus application is destroyed by subsequent developments, the legal issues raised
thereunder are rendered moot. Hubbard v. State, 841 S.W.2d 33, 33 (Tex. App.-Houston
[14th Dist.] 1992, no pet.). Thus, the State's failure to prove up appellant's prior
convictions rendered appellant's attack on his 1997 conviction unnecessary. Additionally,
we note that a formal application for writ of habeas corpus was never filed with this Court,
thus indicating that appellant has abandoned his claim. 

 We dismiss the appeal as moot. 



 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 28th day of August, 2007.

1. Appellant has directly appealed from the trial court's final judgment of conviction, docketed in
this Court as cause No. 13-04-00169-CR.