

IN THE
TENTH COURT OF APPEALS

No. 10-09-00228-CR

EX PARTE WILLIAM JOSEPH HORTON

From the 54th District Court
McLennan County, Texas
Trial Court No. 2003-77-C2A

# OPINION

William Joseph Horton appeals the denial of his pretrial application for writ of habeas corpus which he filed in connection with the State's motion to revoke his community supervision. Horton contends in his sole point that the court erred by denying his habeas application because his confinement was unlawful due to the capias for his arrest having been issued before the revocation motion was filed. Because Horton's community supervision has since been revoked, we will dismiss this appeal as moot.

The trial court signed the order denying Horton's habeas application on July 8, 2009, and he timely perfected this appeal. However, his community supervision was

revoked on July 27 after a contested hearing.[1]  Because his community supervision has been revoked, he is no longer subject to "pre-trial" confinement under the capias.  Thus, it appears that his habeas claim is moot.  *See Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); *In re Soliz*, No. 01-08-00877-CR, 2008 WL 5392029, at *1 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008, orig. proceeding) (per curiam) (not designated for publication); *Hubbard v. State*, 841 S.W.2d 33, 33 (Tex. App.—Houston [14th Dist.] 1992, no pet.).

The Clerk of this Court notified Horton that the appeal may be dismissed if he did not file a response showing grounds for continuing the appeal.  *See* TEX. R. APP. P. 44.3.  By response, Horton cites *Kniatt v. State*, 206 S.W.3d 657 (Tex. Crim. App. 2006), for the proposition that his appeal is not moot.  We find *Kniatt* to be distinguishable.  In that case, Kniatt pleaded guilty and was placed on deferred adjudication community supervision pursuant to a plea bargain.  *Id.* at 659-60.  After the State filed a motion to adjudicate, Kniatt filed a pre-conviction habeas application claiming that his guilty plea was involuntary.  *Id.* at 660.  The trial court granted the motion to adjudicate and later denied the habeas application.  *Id.* at 660-62.  On appeal, this Court reversed on the merits of Kniatt's habeas claim.  *See Kniatt v. State*, 157 S.W.3d 83, 87 (Tex. App.—Waco 2005).

The State filed a petition for discretionary review, arguing first that the trial court (and this Court) lacked jurisdiction to address the merits of Kniatt's habeas claim.  The

---

[1]     Horton's appeal of the revocation order has been docketed in this Court under cause no. 10-09-00258-CR.

Court of Criminal Appeals held "that the jurisdiction of a court to consider an application for writ of habeas corpus is determined at the time the application is filed." *Kniatt*, 206 S.W.3d at 663. Thus, the trial court had jurisdiction when Kniatt's habeas application was filed and did not lose that jurisdiction after adjudicating his guilt. *Id.* at 663-64.

Here, however, no one disputes that the trial court had jurisdiction when Horton filed his habeas application and ruled on it. Rather, the issue in this case is whether the habeas claim was later rendered moot by the revocation of Horton's community supervision because, at that point, he was no longer being incarcerated under what he claimed to be an unlawful capias. Presiding Judge Keller explained in her concurring opinion in *Kniatt* why (under *Martinez*) Horton's habeas application is moot:

> *Martinez* held that a conviction rendered moot a complaint regarding bail because the defendant was "no longer subject to pre-trial confinement." Essentially, these types of claims apply only at certain stages of the prosecution, and they disappear once the prosecution progresses past the stage in question. By contrast, the habeas claim in the present case purports to undermine the validity of the conviction, and so does not disappear after conviction like complaints regarding probable cause or bail.

*Id.* at 665 (Keller, P.J., concurring) (footnote omitted).

Horton's habeas application challenges the validity of the capias under which he was held before the revocation hearing. After his community supervision was revoked, he was no longer being held on that capias but rather was being held on the court's revocation judgment. Thus, after revocation he was "no longer subject to pretrial

confinement." *See Martinez*, 826 S.W.2d at 620. Accordingly, we dismiss this appeal as moot. *Id.*; *Soliz*, 2008 WL 5392029, at *1; *Hubbard*, 841 S.W.2d at 33.


                                            FELIPE REYNA
                                            Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Chief Justice Gray concurs in the judgment and only to the extent it dismisses this proceeding as moot. A separate opinion will not issue.)
Appeal dismissed
Opinion delivered and filed November 10, 2009
Publish
[CR25]