IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00228-CR

 

Ex
parte William Joseph Horton

 

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2003-77-C2A

 



Opinion



 








            William Joseph Horton
appeals the denial of his pretrial application for writ of habeas corpus which
he filed in connection with the State’s motion to revoke his community
supervision.  Horton contends in his sole point that the court erred by denying
his habeas application because his confinement was unlawful due to the capias
for his arrest having been issued before the revocation motion was filed.  Because
Horton’s community supervision has since been revoked, we will dismiss this
appeal as moot.

The trial court signed the order denying
Horton’s habeas application on July 8, 2009, and he timely perfected this
appeal.  However, his community supervision was revoked on July 27 after a
contested hearing.[1] 
Because his community supervision has been revoked, he is no longer subject to
“pre-trial” confinement under the capias.  Thus, it appears that his habeas claim
is moot.  See Martinez v. State, 826 S.W.2d 620, 620 (Tex. Crim. App.
1992); In re Soliz, No. 01-08-00877-CR, 2008 WL 5392029, at *1 (Tex.
App.—Houston [1st Dist.] Dec. 19, 2008, orig. proceeding) (per curiam) (not
designated for publication); Hubbard v. State, 841 S.W.2d 33, 33 (Tex. App.—Houston [14th Dist.]
1992, no pet.).

The Clerk of this Court notified Horton
that the appeal may be dismissed if he did not file a response showing grounds
for continuing the appeal.  See Tex.
R. App. P. 44.3.  By response, Horton cites Kniatt v. State, 206
S.W.3d 657 (Tex. Crim. App. 2006), for the proposition that his appeal is not
moot.  We find Kniatt to be distinguishable.  In that case, Kniatt
pleaded guilty and was placed on deferred adjudication community supervision
pursuant to a plea bargain.  Id. at 659-60.  After the State filed a
motion to adjudicate, Kniatt filed a pre-conviction habeas application claiming
that his guilty plea was involuntary.  Id. at 660.  The trial court granted
the motion to adjudicate and later denied the habeas application.  Id.
at 660-62.  On appeal, this Court reversed on the merits of Kniatt’s habeas
claim.  See Kniatt v. State, 157 S.W.3d 83, 87 (Tex. App.—Waco 2005).

The State filed a petition for discretionary
review, arguing first that the trial court (and this Court) lacked jurisdiction
to address the merits of Kniatt’s habeas claim.  The Court of Criminal Appeals
held “that the jurisdiction of a court to consider an application for writ of
habeas corpus is determined at the time the application is filed.”  Kniatt,
206 S.W.3d at 663.  Thus, the trial court had jurisdiction when Kniatt’s habeas
application was filed and did not lose that jurisdiction after adjudicating his
guilt.  Id. at 663-64.

Here, however, no one disputes that the
trial court had jurisdiction when Horton filed his habeas application and ruled
on it.  Rather, the issue in this case is whether the habeas claim was later
rendered moot by the revocation of Horton’s community supervision because, at
that point, he was no longer being incarcerated under what he claimed to be an
unlawful capias.  Presiding Judge Keller explained in her concurring opinion in
Kniatt why (under Martinez) Horton’s habeas application is moot:

Martinez held that a conviction rendered moot a
complaint regarding bail because the defendant was “no longer subject to
pre-trial confinement.”  Essentially, these types of claims apply only at
certain stages of the prosecution, and they disappear once the prosecution progresses
past the stage in question.  By contrast, the habeas claim in the present case
purports to undermine the validity of the conviction, and so does not disappear
after conviction like complaints regarding probable cause or bail.

 

Id. at 665 (Keller, P.J., concurring) (footnote omitted).

Horton’s habeas application challenges
the validity of the capias under which he was held before the revocation
hearing.  After his community supervision was revoked, he was no longer being
held on that capias but rather was being held on the court’s revocation
judgment.  Thus, after revocation he was “no longer subject to pretrial
confinement.”  See Martinez, 826 S.W.2d at 620.  Accordingly, we
dismiss this appeal as moot.  Id.; Soliz, 2008 WL 5392029, at *1; Hubbard,
841 S.W.2d at 33.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief Justice Gray concurs in the
judgment and only to the extent it dismisses this proceeding as moot.  A
separate opinion will not issue.)

Appeal dismissed

Opinion
delivered and filed November 10, 2009

Publish

[CR25]









[1]
              Horton’s appeal of
the revocation order has been docketed in this Court under cause no.
10-09-00258-CR.