

IN THE
TENTH COURT OF APPEALS

No. 10-11-00217-CR

EX PARTE ESTEBAN REYNA

From the County Court
Navarro County, Texas
Trial Court No. 35561

O P I N I O N

Esteban Reyna appeals the trial court's denial of relief on his application for writ of habeas corpus brought under article 11.072 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2013) (providing procedure for habeas corpus in felony and misdemeanor cases in which applicant seeks relief from judgment of conviction ordering community supervision). We will affirm.

Reyna's application, which was filed on March 30, 2011, alleged that he was charged with a felony DWI in 2010 based on two prior DWI convictions, including the underlying 1990 misdemeanor conviction that is the subject of this habeas proceeding. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2013). Reyna alleged, and the record shows, that he pleaded guilty and received community supervision for two

years and was assessed a $600 fine in December of 1990. The record also shows that Reyna waived the appointment of counsel, the right to the making of a record, and the right to a jury trial.

The gist of Reyna's request for habeas relief in the form of setting aside this 1990 conviction is that his guilty plea was involuntary because he did not (and still cannot) speak, read, or write English, that no interpreter was present for his waiver and guilty plea, that the trial judge was aware that Reyna did not speak or understand English, that he was not advised of his right to counsel and to a jury trial, and that he pleaded guilty based on simple instructions from his bail bondsman that, if he pleaded guilty, he would not go to jail. Reyna also asserted that the information was not signed by a prosecutor and that there was a material date variance between the complaint and the information.

The parties stipulated that the trial court would decide Reyna's application based on affidavits and record documents alone. In denying Reyna habeas corpus relief, the trial court issued findings of fact and conclusions of law.[1]

> We review the trial court's denial of a habeas corpus application for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). … We review "the record evidence in the light most favorable to the trial court's ruling and [we] must uphold that ruling absent an abuse of discretion." *Id.*

*Ex parte Rodriguez,* 378 S.W.3d 486, 489 (Tex. App.—San Antonio 2012, pet. ref'd).

---

[1] Because the trial court did not specifically address whether Reyna's guilty plea was involuntary, we first abated this appeal and remanded the case to the trial court for necessary hearings, if any, and for the trial court to issue additional findings of fact and conclusions of law on whether Reyna's guilty plea was involuntary. The trial court held a hearing and then issued additional findings and conclusions and concluded that Reyna's 1990 guilty plea was not involuntary.

Reyna's first issue contends that the 1990 misdemeanor operates as a restraint to entitle him to seek habeas corpus relief. He asserts this issue because, in the trial court, the State contended that Reyna could not seek habeas relief because the use of the 1990 misdemeanor conviction to enhance the pending DWI charge to a felony was not an illegal restraint.[2] The trial court did not deny habeas relief on this basis, but because it is jurisdictional, we address it. The Court of Criminal Appeals has held that a county court has jurisdiction to entertain a request for habeas relief like Reyna's when the applicant is not currently confined. *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003), *mem. op. on remand*, No. 14-97-01116-CR, 2003 WL 22304571 (Tex. App.—Houston [14th Dist.] Oct. 9, 2003, no pet.) (mem. op., not designated for publication) (addressing appellant's habeas attack on prior misdemeanor DWI conviction being used to enhance pending prosecution to a felony); *see also Ex parte Ali*, 368 S.W.3d 827, 831-32 (Tex. App.—Austin 2012, pet. ref'd) (discussing collateral legal consequences resulting from prior conviction); *Ex parte Rodriguez*, No. 14-10-00529-CR, 2011 WL 61858, at *2 (Tex. App.—Houston [14th Dist.] Jan. 6, 2011, no pet.) (mem. op., not designated for publication) ("Collateral consequences related to a conviction, such as the use of the conviction to enhance punishment in other cases, may also constitute confinement."). The trial court had jurisdiction to entertain Reyna's application.

One of the trial court's original conclusions was: "Too much time has elapsed between the misdemeanor conviction and the filing of the Application for Habeas

---

[2] The State contends that the use of the 1990 misdemeanor as enhancement is not illegally restraining Reyna, citing *Martin v. State*, 200 S.W.3d 635, 640-41 (Tex. Crim. App. 2006), as support for this proposition. *Martin* is not support; it concerns only the jurisdictional nature of prior DWI convictions and how the jury should be instructed on them. *See id.* at 640-42.

Corpus and the same should be denied on this basis." Reyna's fifth issue contests the trial court's laches conclusion—that "too much time has elapsed" between Reyna's misdemeanor conviction and the filing of his habeas application. The guilty plea at issue occurred on December 21, 1990, and Reyna's application for writ of habeas corpus was filed a little over twenty years later, on March 30, 2011.

The Court of Criminal Appeals recently modified "the parameters of the equitable doctrine of laches as it applies to bar a long-delayed application for a writ of habeas corpus." *Ex parte Perez*, 398 S.W.3d 206, 208 (Tex. Crim. App. 2013).

> Recognizing that our current approach to laches in the habeas corpus context has imposed an unreasonably heavy burden upon the State, we now adopt a revised approach that is consistent with the Texas common-law definition of that doctrine. In doing so, we expand the definition of prejudice under the existing laches standard to incorporate all forms of prejudice so that a court may consider the totality of the circumstances in deciding whether to hold an application barred by laches. Our revised approach is motivated by our recognition that the current laches standard is too rigid and, as a result, some applicants have been permitted to seek post-conviction relief despite excessive and unjustified delays that have prejudiced the State's ability to defend long-standing convictions. This approach has failed to account for the State's interest in finality and is incompatible with fundamental principles of fairness and equity, which must underlie any grant of habeas corpus relief.

*Id.*

Before *Perez*, the State had the burden of (1) making a particularized showing of prejudice to its ability to respond to the allegations in the application, (2) showing that the prejudice was caused by the applicant having filed a late petition, and (3) showing that the applicant has not acted with reasonable diligence as a matter of law. *See Ex parte Wolf,* 296 S.W.3d 160, 167 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (citing

*Ex parte Carrio,* 992 S.W.2d 486, 488 (Tex. Crim. App. 1999), *modified by Perez,* 398 S.W.3d at 215)). In *Perez,* the Court of Criminal Appeals described the State's burden under prior law as "unreasonably heavy" and "impossibly high." *Perez,* 398 S.W.3d at 208, 214. In this case, the State originally did not submit evidence on laches.

In *Perez,* the Court of Criminal Appeals remanded the case to the trial court so that the parties could be afforded the opportunity to produce additional evidence in light of the revised approach to the doctrine of laches. *Id.* at 219. Therefore, we abated this appeal again and remanded the case to the trial court for an evidentiary hearing on the issue of laches and for the trial court to issue additional findings of fact and conclusions of law.

Under *Perez,* (1) the State is not required to make a "particularized showing of prejudice" so that courts may more broadly consider material prejudice resulting from delay, and (2) the definition of prejudice is expanded to permit consideration of anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant, so that a court may consider the totality of the circumstances in deciding whether to grant equitable relief. *Id.* at 215. This approach permits "courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Id.* at 216.

It "may be proper to consider, among all relevant circumstances, factors such as the length of the applicant's delay in filing the application, the reasons for the delay, and the degree and type of prejudice resulting from the delay." *Id.* at 217. "In

considering whether prejudice has been shown, a court may draw reasonable inferences from the circumstantial evidence to determine whether excessive delay has likely compromised the reliability of a retrial. … If prejudice to the State is shown, a court must then weigh that prejudice against any equitable considerations that militate in favor of granting habeas relief." *Id.*

> With respect to the degree of proof required, the extent of the prejudice the State must show bears an inverse relationship to the length of the applicant's delay. This "sliding scale" approach is analogous to the flexible burden of proof applicable to speedy-trial claims. … Here, similarly, the longer an applicant delays filing his application, and particularly when an applicant delays filing for much more than five years after conclusion of direct appeals, the less evidence the State must put forth in order to demonstrate prejudice. The rationale for this sliding-scale approach is based on the common-sense understanding that the longer a case has been delayed, the more likely it is that the reliability of a retrial has been compromised.

*Id.* at 217-18.

The Court of Criminal Appeals would not identify a precise period of time after which laches necessarily applies, but it recognized that "delays of more than five years may generally be considered unreasonable in the absence of any justification for the delay." *Id.* at 216 n.12.

In the trial-court hearing on laches, the State presented evidence that: the arresting officer no longer has any records of his October 1990 arrest of Reyna due to the passage of time, nor does he recall the facts of the arrest; the judge presiding over the December 1990 guilty plea is deceased; and the Department of Public Safety does not retain intoxilyzer records going back to 1990, and it does not have records of Reyna's October 1990 breath-alcohol test.

The trial court found and concluded that no evidence justified Reyna's over twenty-year delay in filing his habeas writ, that the State met its burden of showing that it was prejudiced by Reyna's delay, that no equitable considerations militated in favor of granting Reyna habeas relief, and that Reyna's request for habeas relief is barred by laches. We cannot say that the trial court abused its discretion and thus overrule Reyna's fifth issue. We thus need not address Reyna's remaining issues and affirm the trial court's order denying Reyna's application for writ of habeas corpus.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed January 30, 2014
Publish
[CR25]