

# NUMBER 13-18-00669-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                          Appellant,

v.

AMPARO CARRILLO,                                                            Appellee.

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Hinojosa

The State of Texas appeals the trial court's order granting appellee Amparo Carrillo's application for writ of habeas corpus and vacating her judgment of conviction and order of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072. In one issue, the State argues that the trial court abused its discretion by granting habeas

relief in the absence of any evidence supporting Carrillo's claims.[1]  We reverse and remand.

## I.  BACKGROUND

Carrillo pleaded guilty to injury to a child, a third-degree felony.  *See* TEX. PENAL CODE ANN. § 22.04(f).  The trial court found Carrillo guilty, sentenced her to ten years' imprisonment, and suspended the sentence for a ten-year period of community supervision.  Carrillo later filed an application for writ of habeas corpus seeking to vacate her conviction on the basis that her counsel failed to advise her that a felony conviction subjected her to deportation.  She argued that her counsel's failure in that regard violated her Sixth Amendment right to counsel and rendered her guilty plea involuntary.  *See* U.S. CONST. amend. VI.  Carrillo's application also suggests that had she known of the consequences of a felony conviction, Carrillo would have pleaded guilty only to a misdemeanor offense.

At the hearing on the application, Carrillo's counsel presented argument to the trial court, but he introduced no evidence.  The State responded that it opposed Carrillo's request for habeas relief, while noting the absence of any evidentiary support for her claim that her plea counsel was ineffective.  The trial court informed Carrillo's counsel that it would consider the application, but Carrillo would need to subpoena witnesses, specifically Carrillo's plea counsel, to substantiate her claims.  The trial court then instructed Carrillo's counsel to request a reset date from the court coordinator.

---

[1] Carrillo did not file a responsive brief to assist us with the appeal.

Later that same day, the trial court signed an order which granted Carrillo's application for a writ of habeas corpus and vacated Carrillo's conviction.[2] The trial court did not issue any findings of facts or conclusions of law. The State now appeals. *See* TEX. CODE CRIM PROC. ANN. art. 44.01(k) (providing the State a right to appeal an order granting habeas relief under Article 11.072).

## II. DISCUSSION

### A. Standard of Review and Applicable Law

Article 11.072 of the Texas Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." *Id*. art. 11.072, § 1. In ruling on an application, the trial court "may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." *Id*. art. 11.072, § 6(b).

We review a trial court's habeas ruling for an abuse of discretion. *See Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011); *Ex parte Reyna*, 435 S.W.3d 276, 280 (Tex. App.—Waco 2014, no pet.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts arbitrarily or unreasonably. *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). A habeas applicant bears the burden of establishing by a preponderance of the evidence that the facts entitle her to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

---

[2] The trial court later signed an amended order granting habeas relief.

We review the evidence presented in the light most favorable to the trial court's ruling. *See Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006); *Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We defer to the trial court's factual findings, whether they are implied or explicit, or based on affidavits or live testimony, provided such findings are supported by the record. *See Ex parte Wheeler*, 203 S.W.3d at 325–26; *Ex parte Murillo*, 389 S.W.3d at 926. We will uphold the trial court's judgment as long as it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

## B. Analysis

The State argues that the trial court abused its discretion in granting Carrillo's application for habeas relief because "Carrillo presented no evidence in support of [her] factual claims." We agree.

Carrillo's habeas application arguably presents a cognizable claim for relief. A defendant has the right to effective assistance of counsel in guilty-plea proceedings. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). "In *Padilla v. Kentucky*, the Supreme Court held that the Sixth Amendment requires an attorney for a criminal defendant to advise his client of the risk of 'automatic' deportation as a consequence of a guilty plea." *State v. Guerrero*, 400 S.W.3d 576, 587 (Tex. Crim. App. 2013) (citing 559 U.S. 356, 367–68 (2010)). "A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel." *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012).

4

However, as stated above, it was Carrillo's burden to establish her claim by a preponderance of the evidence. The allegations in Carrillo's application are not evidence. *See Guerrero*, 400 S.W.3d at 583 ("[I]n all habeas cases, sworn pleadings are an inadequate basis upon which to grant relief . . . ."); *see also Ex parte Wells*, 332 S.W.2d 565, 565 (Tex. Crim. App. 1960); *Ex parte Letizia*, No. 01-16-00808-CR, 2019 WL 610719, at *3 (Tex. App.—Houston [1st Dist.] Feb. 14, 2019, pet. ref'd) (mem. op., not designated for publication). Carrillo did not attach any affidavits to her application, and her presentation at the hearing consisted solely of arguments from counsel, who did not represent her during the plea proceedings. *See Guerrero*, 400 S.W.3d at 584 (concluding that the court of appeals erred in considering counsel's unsworn statements as competent evidence entitling a defendant to habeas relief where counsel had no first-hand knowledge of the plea proceedings).

Further, while a trial court is allowed to "rely on the court's personal recollection," we note that Carrillo's particular claim would seemingly require evidence not subject to a court's recollection—communications between attorney and client. Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b). At any rate, we will not presume the trial court relied on its own recollection in light of the absence of explicit findings to that effect and where the record indicates a contrary intention—i.e. the trial court's instruction to Carrillo to reset the matter for an evidentiary hearing. *See Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 91–92 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (noting the importance of express findings of fact when the trial court relies on its personal recollection, "the contents of which would otherwise be untraceable on the written record"); *see also Ex parte Morales*,

No. 03-17-00461-CR, 2018 WL 4171271, at *3 (Tex. App.—Austin Aug. 31, 2018, no pet.) (mem. op., not designated for publication) ("When a trial court relies on its recollection or credibility decisions in denying an application, without findings of fact to that effect, we cannot conduct a meaningful review, to which an applicant is entitled[.]").

The trial court's implied finding that Carrillo's plea counsel was ineffective is wholly without evidentiary support, and we give it no deference. *See Ex parte Wheeler*, 203 S.W.3d at 325–26. By granting relief solely on the bare allegations in Carrillo's application, the trial court has excused Carrillo of her burden to establish her claim by a preponderance of the evidence and deprived the State an opportunity to respond. Without any evidentiary basis, the trial court's ruling is by definition arbitrary. Accordingly, we conclude that the trial court abused its discretion in granting habeas relief. *See Ex parte Garcia*, 353 S.W.3d at 787; *see also Guerrero*, 400 S.W.3d at 586 (reversing the trial court's order granting habeas relief where it was based solely on the argument of counsel). We sustain the State's sole issue.

## III.    DISPOSITION

An appellate court may remand a habeas proceeding to the trial court if the factual record has not been sufficiently developed. *Guerrero*, 400 S.W.3d at 586; *Ex parte Zantos-Cuebas*, 429 S.W.3d at 92; *Ex parte Arjona*, 402 S.W.3d 312, 319 (Tex. App.—Beaumont 2013, no pet.). Under the circumstances here, an opportunity for further development of the habeas record is required to determine the viability of Carrillo's claims. Therefore, we remand the case to the trial court with instructions that it hold a hearing so that Carrillo has an opportunity to develop and present evidence in support of her habeas

6

application.   *See* TEX. R. APP. P. 31.2 ("The sole purpose of the appeal [in habeas corpus proceedings] is to do substantial justice to the parties.").

### IV.   CONCLUSION

We reverse the trial court's order granting Carrillo's application for a writ of habeas corpus and remand for further proceedings consistent with this memorandum opinion. *See id*. R. 43.3.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of August, 2019.