

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00326-CR

**EX PARTE** Ismael **JUAREZ-RICO**

From the County Court, Jim Hogg County, Texas
Trial Court No. 1033C
Honorable Greg Perkes, Judge Presiding

PER CURIAM

Sitting: Irene Rios, Justice
    Adrian A. Spears II, Justice
    H. Todd McCray, Justice

Delivered and Filed: November 19, 2025

DISMISSED AS MOOT

This appeal arises from the trial court's denial of Appellant Ismael Juarez-Rico's application for writ of habeas corpus. We dismiss the appeal as moot.

### BACKGROUND

Appellant was charged with criminal trespass. *See* TEX. PEN. CODE ANN. § 30.05. While the case was pending in the trial court, Appellant filed an application for writ of habeas corpus, requesting that the trial court "grant him relief by discharging him and dismissing the charge with

prejudice."[1] Appellant asserted two claims in his habeas application, but only his claim for selective prosecution is relevant to this appeal. In February 2023, the trial court denied Appellant habeas relief in a written order, and Appellant timely appealed in March 2023. In April 2023, however, Appellant entered into a plea agreement with the State in his underlying criminal case. In accordance with the plea agreement, Appellant pleaded no contest to the Class B misdemeanor offense of criminal trespass and waived his right to appeal. *See id.* § 30.05(d)(1). The trial court accepted Appellant's plea, found him guilty, and sentenced him to 10 days' confinement in the Jim Hogg county jail with 10 days' credit for time served.

In light of the resolution of the underlying criminal case, we issued an order noting that this habeas appeal appears to be moot and requiring Appellant to show how this appeal is not moot.[2] Appellant responded, conceding that the cases we cited "stand for the general proposition that an adjudication of guilt renders a pretrial habeas application moot." However, Appellant asserted that his claim for selective prosecution entitled him to an exception to this general rule for "claims made in pretrial habeas that 'purport[ ] to undermine the validity of the conviction' and that cannot be raised on direct appeal." (quoting *Kniatt v. State*, 206 S.W.3d 657, 665 (Tex. Crim. App. 2006) (Keller, P.J., concurring)).

### DISCUSSION

Appellant relies almost exclusively on *Kniatt*, so we discuss it in some detail before distinguishing it.

---

[1] The criminal charge was pending under cause number 5877, and the habeas proceeding was assigned cause number 1033C. *See Ex parte Sheffield*, 685 S.W.3d 86, 100 (Tex. Crim. App. 2023) ("[A] habeas proceeding is a separate proceeding from a criminal prosecution.").

[2] In our order we cited *Ex parte Taylor*, No. 05-23-00410-CR, 2023 WL 6532496, at \*1 (Tex. App.—Dallas Oct. 6, 2023, no pet.) (mem. op., not designated for publication); *Ex parte Joyner*, No. 14-11-00775-CR, 2011 WL 5554517, at \*1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2011, no pet.) (mem. op., not designated for publication); *Hubbard v. State*, 841 S.W.2d 33, 33 (Tex. App.—Houston [14th Dist.] 1992, no pet.); *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.); and *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.).

In *Kniatt*, the defendant, Nathan Kniatt, entered a plea of guilty pursuant to a plea bargain. *Id.* at 659–60. The trial court, in accordance with the plea, deferred an adjudication of Kniatt's guilt, placed him on community supervision for three years, and fined him $3,000. *Id.* at 660. Less than two years later, the State filed a motion to proceed with an adjudication of guilt, and Kniatt filed a pre-conviction application for writ of habeas corpus, pursuant to Article 11.08 of the Texas Code of Criminal Procedure. *Id.*[3] When both the State's motion to adjudicate guilt and Kniatt's habeas application were pending, the trial court first adjudicated guilt and assessed a punishment of 200 days' confinement and a $3,000 fine. *Id*. Two weeks later, the trial court denied Kniatt's habeas application on the merits. *Id.* at 662. On appeal, the State argued that the trial court lacked jurisdiction to hear Kniatt's pre-conviction application because the trial court had already adjudicated guilt. *id.* at 663. The Court of Criminal Appeals held that "the trial court in this case did not lose jurisdiction to hear appellant's pre-conviction application once that court adjudicated him guilty" because "the jurisdiction of a court to consider an application for writ of habeas corpus is determined at the time the application is filed." *Id.* at 663–64.

Presiding Judge Keller joined the majority and wrote separately to distinguish cases that the State had relied upon on the basis that those cases addressed "not jurisdiction, but the doctrine of mootness." *Id.* at 665 (Keller, P.J., concurring).[4] According to Presiding Judge Keller:

> [*Kniatt*] differs from these mootness cases. . . . Essentially, these types of claims [in the distinguished cases] apply only at certain stages of the prosecution, and they disappear once the prosecution progresses past the stage in question. By contrast, the habeas claim in the present case purports to undermine the validity of the conviction, and so does not disappear after conviction like complaints regarding probable cause or bail.

---

[3] Article 11.08 concerns *pre-conviction* writs of habeas corpus in felony cases. *See* TEX. CODE CRIM. PRO. ANN. art. 11.08. \ In contrast, Article 11.07 concerns *post-conviction* writs of habeas corpus in non-capital felony cases. *See id.* art. 11.07 § 1. This distinction is relevant in *Kniatt*, but not for Appellant.

[4] Distinguishing *Ex parte Branch*, 553 S.W.2d 380 (Tex. Crim. App. 1977); *Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992); *Saucedo v. State* (795 S.W.2d 8 (Tex. App.—Houston [14th Dist.] 1990, no pet.); and *Hubbard v. State*, 841 S.W.2d 33 (Tex. App.—Houston [14th Dist.] 1992, no pet.))

*Id.* (footnotes omitted). After distinguishing additional claims that could be raised in direct appeals, Presiding Judge Keller remarked that for Kniatt:

> The only other avenue for raising appellant's claim would be a post-conviction application for a writ of habeas corpus. If the choice is simply between habeas proceedings now and habeas proceedings later, the availability of those later proceedings cannot really be said to render the timely-filed pre-conviction habeas proceedings moot.

*Id.* at 65–66.

> From this precedent, Appellant argues:
>
> The logic of *Kniatt* and [Presiding] Judge Keller's concurrence applies squarely to [Appellant]'s case. [Appellant] filed [a] pretrial habeas application before he pleaded guilty, meaning the trial court had jurisdiction over it. Additionally, his claim of selective-prosecution claim [sic] is one that, if successful, would undermine the validity of his conviction. *See Ex parte Aparicio*, 672 S.W.3d 696, 711 (Tex. App.—San Antonio, 2023, pet. granted) (en banc) ("Thus, if Aparicio's selective-prosecution claim on the basis of equal protection has merit, any conviction resulting from a trial would be void, and he would be entitled to release.").[5] Finally, [Appellant] cannot raise [a] selective-prosecution claim on appeal, as the judgment in his criminal case notes that he waived the right to appeal.
> . . .

Regardless of whether Appellant is right about any of these matters, *Kniatt* offers little guidance on — and Appellant has not addressed — the dispositive question of mootness in this appeal: whether Appellant remains restrained *in any way* after his criminal conviction. In contrast, Kniatt was subject to incarceration for 200 days and a $3,000 fine after his conviction, and neither the majority nor concurring opinions in *Kniatt* discussed whether Kniatt remained restrained after his conviction. *See Kniatt*, S.W.3d at 660. Here, the matter of Appellant's restraint after conviction is not apparent.[6]

---

[5] The Court of Criminal Appeals reversed our decision in *Aparicio* after Appellant filed his response, but it did so on other grounds. *See Ex parte Aparicio*, 707 S.W.3d 189, 202, 210 (Tex. Crim. App. 2024).

[6] To be clear, Appellant's selective-prosecution claim also raises the mootness concern that Presiding Judge Keller discussed in *Kniatt*, *i.e.*, whether the habeas claim applies only at a pre-conviction stage of the prosecution, such that it disappears after conviction. *See Kniatt*, 206 S.W.3d 665. However, we do not resolve that question as it applies to Appellant's selective-prosecution claim because he has failed to show any restraint following his conviction, and for that independent reason his appeal is moot.

Texas Code of Criminal Procedure Article 11.01 provides, "The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. PRO. ANN. art. 11.01.[7] Whether an applicant is being restrained is a threshold question. *Ex parte Kleinman*, No. PD-0966-24, 2025 WL 2169102, at *2 (Tex. Crim. App. July 30, 2025); *Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003). "Restraint," means "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CODE CRIM. PRO. ANN. art. 11.22. "[A]ny character or kind of restraint that precludes the absolute and perfect freedom of action on the part of relator authorizes such relator to make application . . . for release from said restraint." *Kleinman*, 2025 WL 2169102, at *3 (quoting *Ex parte Snodgrass*, 43 Tex. Crim. 359, 362, 65 S.W. 1061, 1062 (1901)). Beyond physical restraint, "the collateral consequences of a conviction may operate as a restraint of liberty. . . ." *Id.* at *7; *see also Ex parte Valdez*, 489 S.W.3d 462, 463–64 (Tex. Crim. App. 2016); *Schmidt*, 109 S.W.3d at 483. Our sister courts have determined that collateral consequences from a misdemeanor conviction that could amount to "restraint" include exclusion from police or military service, *see Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd), the use of a conviction to enhance punishment in another case, *see Ex parte Reyna*, 435 S.W.3d 276, 278 (Tex. App.—Waco 2014, no pet.), and the "detention and potential deportation" of a writ applicant "based solely on" the applicant's misdemeanor convictions, *see Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

---

[7] In 2023, the Legislature amended several articles in Chapter 11 of the Code of Criminal Procedure but specified that the amendments would apply only to applications for writ of habeas corpus filed on or after September 1, 2023. *See* Act of May 29, 2023, 88th Leg. R.S., ch. 933, §§ 5, 21, 22, 2023 Tex. Sess. Law Serv. ch. 933 (S.B. 1516). Because Appellant's habeas application was filed before that effective date, we apply the law that was in effect immediately before the amendments.

Here, Appellant is not currently physically confined. His judgment sentenced him to ten days' confinement in the Jim Hogg County Jail, crediting him with ten days of time served. The judgment does not impose a fine. *Cf. Kleinman*, 2025 WL 2169102, at *8 (not reaching question of whether a post-conviction fine alone could amount to restraint for purposes of Chapter 11). Appellant did not specifically allege any confinement in his habeas application. *Cf.* TEX. CODE CRIM. PRO. ANN. arts. 11.09, 11.21. He alleged restraint in his habeas application based only on a pre-trial bond, asserting in his application, "[Appellant] remains on bond pending trial, and thus the State restrains his liberty." He requested the trial court to "discharge him from his lone bond condition — that he appear in court — which is the lone restriction on his liberty." Appellant has not suggested that his pre-trial bond imposes any post-conviction restraint. *Cf. Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (holding habeas appeal challenging denial of request for bond reduction was moot after applicant was legally confined pursuant to a guilty verdict in the underlying criminal case). Additionally, Appellant does not assert any collateral consequences from his misdemeanor conviction, either in his habeas application or in appellate briefing. *Cf.* TEX. CODE CRIM. PRO. ANN. arts. 11.05, 11.09; *Kleinman*, 2025 WL 2169102, at *7; *Valdez*, 489 S.W.3d at 463–64. Nor does he argue an exception to mootness. *See Pharris v. State*, 165 S.W.3d 681, 688 (Tex. Crim. App. 2005) (acknowledging an exception to mootness for a claim that is "capable of repetition, yet evading review").

Under these circumstances, we hold that this appeal is moot because Appellant has not identified any current restraint imposed upon him. *See* TEX. CODE CRIM. PRO. ANN. arts. 11.01, 11.22; *cf. Ex parte Horton*, 305 S.W.3d 200, 202 (Tex. App.—Waco 2009, pet. ref'd) (holding habeas appeal moot where application challenged the validity of a capias under which applicant had been held before a revocation hearing because, after the hearing, he was no longer being held

on the capias but was held on the court's revocation judgment). Consequently, we dismiss this appeal as moot. *See Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992) (dismissing petition for discretionary review where the applicant's habeas petition was moot); *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (per curiam) ("The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot.") (citations omitted).

PER CURIAM

DO NOT PUBLISH