

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00325-CR

**EX PARTE** Cesar **ESPINO-JUAREZ**

From the County Court, Jim Hogg County, Texas
Trial Court No. 1032C
Honorable Greg Perkes, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
           Lori I. Valenzuela, Justice
           H. Todd McCray, Justice

Delivered and Filed: November 19, 2025

DISMISSED AS MOOT

Appellant Cesar Espino-Juarez was charged with criminal trespass. *See* TEX. PEN. CODE ANN. § 30.05. While the case was pending in the trial court, Appellant filed an application for writ of habeas corpus, requesting that the trial court "grant him relief by discharging him and dismissing the charge with prejudice."[1] In February 2023, the trial court denied Appellant habeas relief in a written order, and Appellant timely appealed in March 2023. In April 2023, however, Appellant entered into a plea agreement with the State in his underlying criminal case. In accordance with the plea agreement, Appellant pleaded no contest to the Class B misdemeanor offense of criminal trespass and waived his right to appeal. *See id.* § 30.05(d)(1). The trial court accepted Appellant's

---

[1] The criminal charge was pending under cause number 5878, and the habeas proceeding was assigned cause number 1032C. *See Ex parte Sheffield*, 685 S.W.3d 86, 100 (Tex. Crim. App. 2023) ("[A] habeas proceeding is a separate proceeding from a criminal prosecution.").

plea, found him guilty, and sentenced him to 10 days' confinement in the Jim Hogg county jail with 10 days' credit for time served.

In light of the resolution of the underlying criminal case, on August 28, 2025, we issued an order noting that this habeas appeal appears to be moot and requiring Appellant to file a response, on or before September 8, 2025, showing how this appeal is not moot. We warned Appellant that if he failed to respond within the time provided, this appeal would be dismissed. To date, Appellant has not responded.

Texas Code of Criminal Procedure Article 11.01 provides, "The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. PRO. ANN. art. 11.01.[2] Whether an applicant is being restrained is a threshold question. *Ex parte Kleinman*, No. PD-0966-24, 2025 WL 2169102, at *2 (Tex. Crim. App. July 30, 2025); *Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003). "Restraint," means "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CODE CRIM. PRO. ANN. art. 11.22. "[A]ny character or kind of restraint that precludes the absolute and perfect freedom of action on the part of relator authorizes such relator to make application . . . for release from said restraint." *Kleinman*, 2025 WL 2169102, at *3 (quoting *Ex parte Snodgrass*, 43 Tex. Crim. 359, 362, 65 S.W. 1061, 1062 (1901)). Beyond physical restraint, "the collateral consequences of a conviction may operate as a restraint of liberty. . . ." *Id.* at *7; *see also Ex parte Valdez*, 489 S.W.3d 462, 463–64 (Tex. Crim. App. 2016); *Schmidt*, 109 S.W.3d at 483. Our sister courts have

---

[2] In 2023, the Legislature amended several articles in Chapter 11 of the Code of Criminal Procedure, but specified that the amendments would apply only to applications for writ of habeas corpus filed on or after September 1, 2023. *See* Act of May 29, 2023, 88th Leg. R.S., ch. 933, §§ 5, 21, 22, 2023 Tex. Sess. Law Serv. ch. 933 (S.B. 1516). Because Appellant's habeas application was filed before that effective date, we apply the law that was in effect immediately before the amendments.

determined that collateral consequences from a misdemeanor conviction that could amount to "restraint" include exclusion from police or military service, *see Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd), the use of a conviction to enhance punishment in another case, *see Ex parte Reyna*, 435 S.W.3d 276, 278 (Tex. App.—Waco 2014, no pet.), and the "detention and potential deportation" of a writ applicant "based solely on" the applicant's misdemeanor convictions, *see Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Here, Appellant is not currently physically confined. His judgment sentenced him to ten days' confinement in the Jim Hogg County Jail, crediting him with ten days of time served. The judgment does not impose a fine. *Cf. Kleinman*, 2025 WL 2169102, at *8 (not reaching question of whether a post-conviction fine alone could amount to restraint for purposes of Chapter 11). Appellant did not specifically allege any confinement in his habeas application. *Cf.* TEX. CODE CRIM. PRO. ANN. arts. 11.09, 11.21. He alleged restraint in his habeas application based only on a pre-trial bond, asserting in his application, "[Appellant] remains on bond pending trial, and thus the State restrains his liberty." He requested the trial court to "discharge him from his lone bond condition — that he appear in court — which is the lone restriction on his liberty." Appellant has not suggested that his pre-trial bond imposes any post-conviction restraint. *Cf. Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (holding habeas appeal challenging denial of request for bond reduction was moot after applicant was legally confined pursuant to a guilty verdict in the underlying criminal case). Additionally, Appellant does not assert any collateral consequences from his misdemeanor conviction. *Cf.* TEX. CODE CRIM. PRO. ANN. arts. 11.05, 11.09; *Kleinman*, 2025 WL 2169102, at *7; *Valdez*, 489 S.W.3d at 463–64. Nor does he argue an exception to mootness. *See Pharris v. State*, 165 S.W.3d 681, 688 (Tex. Crim.

App. 2005) (acknowledging an exception to mootness for a claim that is "capable of repetition, yet evading review").

Under these circumstances, we hold that this appeal is moot because Appellant has not identified any current restraint imposed upon him. *See* TEX. CODE CRIM. PRO. ANN. arts. 11.01, 11.22; *cf. Ex parte Horton*, 305 S.W.3d 200, 202 (Tex. App.—Waco 2009, pet. ref'd) (holding habeas appeal moot where application challenged the validity of a capias under which applicant had been held before a revocation hearing because, after the hearing, he was no longer being held on the capias but was held on the court's revocation judgment). Consequently, we dismiss this appeal as moot. *See Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992) (dismissing petition for discretionary review where the applicant's habeas petition was moot); *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (per curiam) ("The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot.") (citations omitted); *see also Ex parte Taylor*, No. 05-23-00410-CR, 2023 WL 6532496, at *1 (Tex. App.—Dallas Oct. 6, 2023, no pet.) (mem. op., not designated for publication); *Ex parte Joyner*, No. 14-11-00775-CR, 2011 WL 5554517, at *1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2011, no pet.) (mem. op., not designated for publication); *Hubbard v. State*, 841 S.W.2d 33, 33 (Tex. App.—Houston [14th Dist.] 1992, no pet.); *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.); *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.).

PER CURIAM

DO NOT PUBLISH