

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-25-00232-CR
No. 02-25-00233-CR

---

EX PARTE RUDY GARZA

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 0557466, 0557468

---

Before Birdwell and Wallach, JJ; Taylor, J.[1]
Memorandum Opinion by Justice Birdwell

---

[1]The Honorable Christopher Taylor, Judge of the 48th District Court of Tarrant County, sitting by assignment of the Texas Supreme Court pursuant to Section 74.003(h) of the Government Code. *See* Tex. Gov't Code Ann. § 74.003(h).

**MEMORANDUM OPINION**

In 1994, Appellant Rudy Garza was indicted on two charges of aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021(a)(1)(B). He was then adjudged mentally incompetent to stand trial and ordered committed. Several years later, Garza was released from commitment and discharged to a group home, where he remained until 2023.

In February 2023, Garza was arrested after he failed to appear for a specialty-docket setting. He filed a pretrial petition for writ of habeas corpus seeking his immediate release and return to the group home, and the trial court ordered Garza released to the group home and imposed conditions for him to abide by while living there. After certain portions of the cases were referred to a magistrate for decision, the magistrate signed an order amending Garza's conditions of release.

Garza was arrested again in December 2024 for alleged violations of the conditions of his release. He then filed two pretrial petitions for writ of habeas corpus seeking to be released from confinement. The magistrate denied Garza's first petition, dismissed his second petition, and then signed an order amending Garza's conditions of release and re-releasing him to a different group home. The trial court later made the magistrate's orders the decree of the court.

Garza then filed these appeals. During the pendency of these appeals, the State moved the trial court to dismiss the indictments against Garza, citing "[p]rosecutorial discretion." The trial court granted the State's motion and signed an "Order of

2

Dismissal" in both trial court cause numbers. The State then filed in this court an unopposed motion to dismiss these appeals as moot and provided copies of the trial court's orders dismissing the cases against Garza.[2]

Pretrial habeas relief is an "extraordinary remedy." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). It provides a speedy and effective adjudication of a person's right to liberation from illegal restraint. *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002). A defendant subject to the conditions of his pretrial release or bond is restrained in his liberty, and that restraint must be reasonable. *See Ex parte Robinson*, 641 S.W.2d 552, 553 (Tex. Crim. App. [Panel Op.] 1982). Thus, the defendant may challenge the manner of his pretrial restraint, including any conditions attached to his release or bond. *See Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005).

However, "[w]here the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Darnell v. State*, No. 02-10-00208-CR, 2010 WL 5019589, at *1 (Tex. App.—Fort Worth Dec. 9, 2010, no pet.) (mem. op. on reh'g, not designated for publication) (quoting *Hubbard v. State*, 841 S.W.2d 33, 33 (Tex. App.—Houston [14th Dist.] 1992, no pet.)). For example, the trial court's dismissal of the very same cause from which a defendant seeks habeas relief renders moot the issues he raised in the application. *Id.*

---

[2]The State has certified that Garza does not oppose the motion to dismiss.

Because the indictments against Garza have been dismissed, he is no longer subject to pretrial confinement for the charged offenses or to any current restraint on his liberty. These appeals are therefore moot. *See Ex parte Cole*, No. 14-25-00313-CR, 2025 WL 2451093, at *1 (Tex. App.—Houston [14th Dist.] Aug. 26, 2025, no pet.) (mem. op., not designated for publication) (granting State's motion to dismiss and dismissing appeal of pretrial writ of habeas corpus because trial court's dismissal of indictment rendered appeal moot); *Ex parte King*, No. 05-20-00781-CR, 2021 WL 5817329, at *1 (Tex. App.—Dallas Dec. 7, 2021, no pet.) (mem. op., not designated for publication) (same); *Darnell*, 2010 WL 5019589, at *1 (same).

Accordingly, we grant the State's motion and dismiss the appeals as moot. *See* Tex. R. App. P. 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 7, 2026